1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
     A Limited Liability Partnership
2    Including Professional Corporations
   PAUL S. MALINGAGIO, Cal. Bar No. 90451
3  pmalingagio@sheppardmullin.com
   DAVID A. DeGROOT, Cal. Bar No. 168073
4  ddegroot@sheppardmullin.com
   Four Embarcadero Center, 17th Floor
5  San Francisco, California 94111-4109
   Telephone:    415.434.9100
6  Facsimile:    415.403.6062

7  Attorneys for Plaintiff
   CARSON INDUSTRIES, INC.
8

9                    UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11

12 | CARSON INDUSTRIES, INC., a South Carolina corporation, | Case No. 3:14-cv-01769-NC |
13 | | **OPPOSITION TO MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS AND OBJECTION TO DECLARATION OF JOHN J. HARTFORD** |
   | Plaintiff, | |
14 | v. | |
15 | | |
   | AMERICAN TECHNOLOGY NETWORK, CORP., a California corporation, dba American Technologies Network, American Technologies Network, Corp., and ATN Corp., | Date: July 2, 2014 |
16 | | Time: 1:00 p.m. |
17 | | Date action filed: April 16, 2014 |
18 | Defendant. | |
19

20

21         Plaintiff CARSON INDUSTRIES, INC. ("Carson" or "Plaintiff") hereby

22 opposes the motion to dismiss brought by defendant AMERICAN TECHNOLOGY

23 NETWORK, CORP. ("ATN" or "Defendant"). ATN asserts that substituted service on its

24 office manager is insufficient to effect service of Carson's summons and complaint.

25

26         Strangely, this was not the ground for objection to service raised by ATN in

27 meet and confer correspondence. *See* Declaration of David A. DeGroot, Exs. 1-3, for

28 correspondence record of pre-motion meet and confer. ATN's counsel complained that

1  ATN had not been properly served. *Id.,* Ex. 1. Carson's counsel responded by providing
2  the proofs of service showing substituted service on ATN's office manager, Andrea
3  Fuentes and subsequent mailing of the summons and complaint to ATN.  *Id.,* Ex. 2. In
4  response, ATN's counsel claimed that "the proof of service is false in that the mailing
5  required to effect substituted service seem to have never occurred." *Id.,* Ex. 3 at 3.
6  Carson's counsel pointed out that, it being clear that ATN had actual notice, a service
7  motion would be wasteful, but nevertheless made an open-ended offer of additional time to
8  respond to the complaint. *Id.*, Ex. 3 at 1-2. ATN declined this offer. *Id.*, Ex. 3 at 1.

10  ATN instead brought its motion on a different ground: that the person
11  served, its office manager, had insufficient authority to be served. Docket no. 10 ("MTD").
12  This argument is based on the inadmissible statements in Mr. Hartford's declaration.
13  Docket no. 10-1 ("Hartford Decl.), ¶ 4. He asserts that the office manager who accepted
14  service has a "non-discretionary" role, but he does not establish any foundation for this
15  statement. *Id.*, ¶ 4. Since his statement is the only evidence ATN puts forward and it is
16  inadmissible, ATN's argument lacks any evidentiary support and fails on that basis alone.

18  In addition, the authorities cited by ATN are not controlling. *See* MTD at
19  5:23-6:3. Instead, ATN should have reviewed the controlling Ninth Circuit case on this
20  question, *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d
21  685 (9th Cir. 1988). There, the Ninth Circuit affirmed a default judgment where a
22  receptionist was the only person available to receive the summons. *Id.* at 688-89. It is
23  noteworthy that the court found persuasive that the defendant had received actual notice of
24  the complaint by the service in question. *Id.* at 689. Here, there is likewise no doubt that
25  ATN actually knew about the complaint from the service it now questions.

27  Nevertheless, Carson attempted to resolve the issues brought by ATN by re-
28  serving ATN through its president and registered agent, James Munn, who ATN argues

-1-

1  should have been the person served on ATN's behalf. *See* MTD at 5:11-17. Carson's
2  process server did so on June 3, 2014. Docket no. 14 (proof of service on Mr. Munn).
3  Carson's counsel then emailed ATN's counsel to provide the proof of service and seek
4  dismissal of Carson's motion. DeGroot Decl., Ex. 4. ATN's counsel has not responded to
5  this email, although a person from his office called on or about June 12 to state that he
6  would respond at some point. DeGroot Decl., ¶ 6. To date, no response has been received.
7  *Id.*

9  And so Carson is left with having to oppose a meritless motion
10 unnecessarily. Carson requests that the court deny ATN's motion.

12 <u>*Objection to the Declaration of John J. Hartford:*</u> Carson hereby objects to
13 paragraph 4 of Mr. Hartford's declaration as lacking foundation, in that Mr. Carson does
14 not explain how he has personal knowledge of the responsibilities of Andrea Fuentes at
15 ATN.

17 Dated:  June 17, 2014

Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By     /s/ *David A. DeGroot*
DAVID A. DeGROOT
Attorneys for Plaintiff
CARSON INDUSTRIES, INC..