SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
PAUL S. MALINGAGIO, Cal. Bar No. 90451
pmalingagio@sheppardmullin.com
DAVID A. DeGROOT, Cal. Bar No. 168073
ddegroot@sheppardmullin.com
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:    415.434.9100
Facsimile:    415.403.6062

Attorneys for Plaintiff
CARSON INDUSTRIES, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| CARSON INDUSTRIES, INC., a South Carolina corporation,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN TECHNOLOGY NETWORK, CORP., a California corporation, dba American Technologies Network, American Technologies Network, Corp., and ATN Corp.,<br><br>Defendant. | Case No. 3:14-cv-01769-NC<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>(1) **BREACH OF CONTRACT**<br><br>(2) **COMMON COUNT – OPEN BOOK ACCOUNT**<br><br>(3) **COMMON COUNT – ACCOUNT STATED**<br><br>(4) **COMMON COUNT – GOODS AND SERVICES PROVIDED**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff CARSON INDUSTRIES, INC. ("Plaintiff") alleges as follows:

## THE PARTIES

1. Plaintiff is and at all times herein mentioned was a South Carolina corporation in good standing with its principal place of business located in Alpharetta, Georgia.

2.     Defendant AMERICAN TECHNOLOGY NETWORK, CORP., ("ATN" or "Defendant") is a California corporation authorized to do, and doing business in this district in the County of San Mateo, California.  ATN does business under the names American Technologies Network, American Technologies Network, Corp., and ATN Corp.  Its principal place of business is in South San Francisco, California.

## JURISDICTION AND VENUE

3.     The Court has jurisdiction of this action under 28 U.S.C. § 1332(a)(3), in that the amount in controversy is more than $75,000, and this action is between citizens of different States in which citizens or subjects of a foreign state are additional parties. Plaintiff is a citizen of South Carolina; Defendant ATN is a citizen of a different state, California.

4.     Venue of this action in this District is proper under 28 U.S.C. § 1391(a), in that ATN is a California corporation having its principal place of business in this District and the events giving rise to the claims asserted herein took place in this District.

## GENERAL ALLEGATIONS

5.     Plaintiff sells components for night vision sights and goggles. ATN placed orders with Plaintiff for components in 2010 and 2011. In addition to other purchase orders, ATN ordered 1000 units of PVS-7D goggle kits, item no. CK0720, by its purchase order number 11542, dated July 28, 2010. A true and correct copy of ATN's purchase order dated July 28, 2010 is attached hereto as Exhibit 1. ATN also ordered 10 PVS series 3x Afocal lenses, item no. A3256391, by its purchase order number 11843, dated March 11, 2011. A true and correct copy of ATN's purchase order dated March 11, 2011 is attached hereto as Exhibit 2.

6. Plaintiff shipped goods for purchase order 11542 to ATN on or about October 21, 2010 (20 units), October 22, 2010 (100 units), and December 15, 2010 (880 units). Plaintiff invoiced ATN for $527,516 on December 17, 2010, invoice number 3402 for the December 15, 2010 shipment of goods for purchase order 11542. Plaintiff shipped goods for purchase order 11843 on or about March 14, 2011. Plaintiff invoiced ATN for $3,250 on March 15, 2011, invoice number 3478, for purchase order 11843.

7. After credits for return of inventory totaling $75,778.98, ATN owes $404,987.02, exclusive of interest, on the invoice numbers 3402 and 3478.

## FIRST CLAIM FOR RELIEF

(For Breach of Contract)

8. Plaintiff realleges and incorporates herein by reference the allegations of paragraphs 1 through 7, inclusive, of this complaint.

9. On July 28, 2010 and March 15, 2011, ATN issued written purchase order numbers 11542 (Ex. 1) and 11843 (Ex. 2), respectively, for goods from Plaintiff and promised to pay for such goods delivered to ATN.

10. Plaintiff has performed all of its obligations to ATN, having delivered all goods that were ordered, except for any obligations whose performance was excused. Plaintiff also accepted returns of certain goods from ATN and issued credits for those returns on the amounts outstanding from ATN.

11. ATN breached its agreement with Plaintiff by failing to pay Plaintiff pursuant to written invoices sent to ATN by Plaintiff.

12. As a direct and proximate result of ATN's breach of contract, Plaintiff has suffered damages in the amount of $404,987.02.

## SECOND CLAIM FOR RELIEF

(For Common Count - Open Book Account)

13. Plaintiff realleges and incorporates herein by reference the allegations of paragraphs 1 through 12, inclusive, of this complaint.

14. ATN began ordering goods from Plaintiff no later than January 1, 2010. ATN ordered at least 3500 goggle kits from Plaintiff, as well as other equipment. ATN continued to order goods from Plaintiff until at least March 11, 2011. ATN made payments on some of the goods it received, but still owes the sum of $404,987.02 for goods and services sold to ATN, net of credits and/or partial payments.

15. Plaintiff has repeated demanded payment from ATN. The last demand was made on October 18, 2013.

16. No payment has been made by defendant to plaintiff on the amount $404,987.02 due and owing, with interest also due on that amount at the maximum legal rate and attorney's fees as provided by law pursuant to California Civil Code section 1717.5.

## THIRD CLAIM FOR RELIEF

(For Common Count – Account Stated)

17. Plaintiff realleges and incorporates herein by reference the allegations of paragraphs 1 through 16, inclusive, of this complaint.

18. An account was stated by and between Plaintiff and ATN wherein it was agreed that ATN was indebted to Plaintiff in the sum of $404,987.02.

19. No part of said sum has been paid despite Plaintiff's demands. As such, the sum of $404,987.02, together with interest thereon at the maximum legal rate, is now due, owing and unpaid on said account stated.

## **FOURTH CLAIM FOR RELIEF**

(For Common Count – Goods Provided)

20. Plaintiff realleges and incorporates herein by reference the allegations of paragraphs 1 through 19, inclusive, of this complaint.

21. ATN requested that Plaintiff provide certain goods, specifically night vision goggles and related items. Plaintiff provided the goods requested.

22. ATN has failed to pay for all of the goods provided.  The amount of $404,987.02 is the reasonable value of the goods provided, which ATN has failed to pay.

23. As a result of ATN's failure to pay the reasonable value for the goods provided by Plaintiff to ATN, Plaintiff has been harmed.

## **PRAYER**

WHEREFORE, Plaintiff prays for relief as follows:

1. For compensatory damages against Defendant in an amount according to proof at trial;

2. For pre-judgment and post-judgment interest as provided by law;

3. For costs of suit, including attorney's fees under the second claim for relief pursuant to California Civil Code section 1717.5; and

4. For such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

Dated:  July 25, 2014

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By       /s/ *David A. DeGroot*
             DAVID A. DeGROOT
             Attorneys for Plaintiff
             CARSON INDUSTRIES, INC..