**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CARSON INDUSTRIES, INC. | Case No. 14-cv-01769 NC |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT OR TO DISMISS** |
| v. | |
| AMERICAN TECHNOLOGY NETWORK, CORP., | Re: Dkt. No. 32 |
| Defendant. | |

In this action for breach of contract in the sale of night vision goggle components, defendant ATN challenges the First Amended Complaint as ambiguous and time barred.

The operative complaint is the First Amended Complaint, filed July 25, 2014. Dkt. No. 26. Carson, a seller of goggle components, alleges that it entered into written purchase agreements with ATN on July 28, 2010, and March 15, 2011. Compl. ¶ 9. The alleged purchase agreements are attached as exhibits to the First Amended Complaint. Carson alleges that it shipped goods to ATN in accordance with the purchase agreements; that ATN breached the agreements by failing to pay Carson; and that as a result Carson has suffered damages in the amount of $404,987.02. Compl. ¶¶ 6-12.

**I.    Motion for More Definite Statement**

First, ATN asserts that the First Amended Complaint is ambiguous and requires a more definite statement. Under Federal Rule of Civil Procedure 12(e), a party may move

for a more definite statement when a challenged pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." The motion "must point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e).

Here, ATN challenges that the First Amended Complaint does not include contract documents signed by either party, does not specify if the contract is oral or written, does not attach copies of invoices, and includes purchase orders that do not contain essential terms such as time of performance, duration, and a sufficient description of the product and/or its specifications. Dkt. No. 32 at 4-5.

Carson responds that the First Amended Complaint alleges written purchase orders and written invoices. Dkt. No. 33 at 2. The purchase orders are attached to the First Amended Complaint. Carson asserts that it previously provided the invoices to ATN. *Id.*

The Court finds that the First Amended Complaint provides sufficient notice of the claims against ATN. The purchase orders each include details of products ordered, quantity, and price, and a web link to an ATN web page for "Full Terms and Conditions" is provided. ATN can reasonably prepare a response to these allegations. The motion for a more definite statement is therefore denied.

**II.     Motion to Dismiss**

Second, ATN moves to dismiss the contract claim as time barred under Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). All allegations of material fact are taken as true and construed in the light most favorable to the non-movant. *Coal. For ICANN Transparency, Inc. v. VeriSign, Inc.*, 611 F.3d 495, 501 (9th Cir. 2010). The Court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). While a complaint need not allege detailed factual allegations, it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when it "allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Here, the key question is whether the contracts alleged in the First Amended Complaint are oral or written. ATN's motion to dismiss is premised on the notion that the contracts are oral. Under California law, there is a two-year statute of limitations on oral contracts. Cal. Civ. Code § 339. There is a four-year statute of limitations on written contracts. Cal. Civ. Code § 337.

This case is consistent with the California Supreme Court's ruling in *Amen v. Merced County Tile Co.*, 58 Cal.2d 528, 532 (1962). For purposes of the statute of limitations, a contract may be "in writing" even though it is accepted orally or by an act other than signing. 58 Cal.2d at 532. In this case, as in *Amen*, the Court applies the four-year statute of limitations period to the contract claim because it finds that the First Amended Complaint alleges the contracts were "in writing." As a consequence, ATN's motion to dismiss the breach of contract claim as time barred is denied.

ATN is ordered to answer the First Amended Complaint within ten days.


IT IS SO ORDERED.

Date: September 29, 2014

_____
Nathanael M. Cousins
United States Magistrate Judge