JOHN J. HARTFORD/50714
Attorney at Law
1423 Avondale Road
Hillsborough, CA 94010
Tel.: 650/445-9365
Fax: 650/560-6363
Email: johnjhartford@yahoo.com

Attorney for Defendant
AMERICAN TECH.
NETWORK CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARSON INDUSTRIES INC.,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>AMERICAN TECH. NETWORK CORP. ET AL,<br><br>　　　　　　Defendant. | NO. C 14-01769 NC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION IN LIMINE NO. 7** |

**LEGAL ARGUMENT**

A. <u>CARSON'S MOTION IN LIMINE IS A REPEATED DISPOSITIVE MOTION IN DISGUISE AND IS NOT AN APPROPRIATE DEVICE FOR RESOLVING FACTUAL DISPUTES</u>

In <u>Venture Corporation Ltd. v. Barrett</u> (N.D.Cal. 05/05/2015) 5:13-cv-03384-PSG the court stated:

> "These motions rehash the same arguments Barrett made in support of his motion for partial summary judgment and which the court denied as precluded by genuine disputes of material fact. All are untimely dispositive motions, and must be DENIED for that reason."

In denying the motion in limine in the above case, the court cited the decision in <u>Guzik Tech. Enters. v. Western Digitial Corp.</u> (N.D. Cal. Nov. 22, 2013) Case No. 5:11-cv-03786-PSG, 2013 U.S.

NO. C 14-01769 NC
**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION IN LIMINE NO. 7**
1

Dist. LEXIS 171327 at **27-28 (denying motion in limine seeking to exclude "evidence and argument" because it was an untimely disguised dispositive motion). *Id*. At fn.50.

Though in the above <u>Barrett</u> case a namesake of Carson's Richard Barrett was involved, the circumstances herein are almost identical, and Carson should not be allowed to use a motion in limine as a repeated "untimely disguised dispositive motion".

B. <u>MOTION IN LIMINE SHOULD NOT BE USED BY PLAINTIFF TO RESOLVE DISPUTED QUESTIONS OF FACT AND CIRCUMVENT DEFENDANT'S RIGHT TO JURY TRIAL</u>

"I consider trial by jury as the only anchor ever yet imagined by man, by which a government can be held to the principles of its constitution." 3 Writings of Thomas Jefferson (Washington ed.) 71.

In <u>GALLOWAY v. UNITED STATES</u> (U.S. 05/24/1943) 319 U.S. 372 the United States Supreme Court stated:

> "…this Court has on occasion warmly praised this mode of
> trial: 'The right of jury trial in civil cases at common law
> is a basic and fundamental feature of our system of federal jurisprudence
> which is protected by the Seventh Amendment.
> A right so fundamental and sacred to the citizen, whether guaranteed by
> the Constitution or provided by statute, should be jealously guarded by
> the courts.' Jacob v. New York, 315 U.S. 752".

Plaintiff's motion in limine, in which Plaintiff is seeking to resolve factual disputes, represents an egregious attack on Plaintiff's right to a jury trial under the Seventh Amendment and should not be allowed to stand.

It is even more egregious that Plaintiff filed its motion in limine unsupported by any evidence in an attempt to mislead the Court into granting it *sua sponte*. Plaintiff's counsel was partially successful in achieving its goal, by manipulating the Court to require Defendant not only to present a factual opposition to factually unsupported motion, but to order Defendant to prove a

negative, that Plaintiff did not make the disputed shipment, and do so in a limited amount of time. Such showing, assuming arguendo it was suitable for a resolution of a motion in limine, could only be required to be made by Plaintiff. This is especially true considering that Plaintiff did not make the alleged shipment freight collect on Defendant's account like other shipments and failed to produce during the discovery a proof of shipment and/or delivery which only Plaintiff could possess.

This Court's Local Rule 7-5(a) requires any motion to be properly supported, as follows:

> "Factual contentions made in support of or in opposition to any motion must be supported by an affidavit or declaration and by appropriate references to the record."

Plaintiff motion in limine, therefore, did not merit any opposition to be filed by Defendant. Plaintiff then proceeded to belatedly file evidence in support of the motion without leave of court, with knowledge that Plaintiff's counsel would not become aware of such evidence in a timely manner in an apparent effort to impair Plaintiff's right to due process as well[1].

Plaintiff's belated filing of the evidence without leave of court and without prior notice and/or an attempt to meet and confer has already prejudiced Defendant in that Defendant was unable to file its opposition to the present motion by the deadline imposed by the Court due to Defendant's justified concern that such belatedly presented evidence would influence the Court's decision without Defendant having an opportunity to rebut it.

C. <u>THE FORMAL ADMISSION MADE BY CARSON IN ITS SWORN DECLARATION AND BY ITS COUNSEL IN ITS BRIEF THAT ATN PAID FOR THE DISPUTED SHIPMENT IS A JUDICIAL ADMISSION AND IS BINDING ON CARSON</u>

Facts admitted by a party "are judicial admissions that bind th[at] [party] throughout th[e] litigation." <u>Gibbs ex rel. Estate of Gibbs v. CIGNA Corp.</u> (2nd Cir. 2006) 440 F.3d 571, 578 (2d Cir.

---

[1] Plaintiff's counsel has already succeeded in doing so on Plaintiff's motion for summary adjudication, by presenting a new and erroneous legal argument in the reply brief and misleading the Court into resolving conflicting evidence in regard to the sufficiency of Defendant's notice, without compliance with the due process requirements of Rule 56(f) and granting said motion as to Issue No. 1 on the grounds which were not raised by the motion.

2006); see also <u>Oscanyan v. Arms Co.</u> (1881) 103 U.S. 261, 263. ("The power of the court to act in the disposition of a trial upon facts conceded by counsel is as plain as its power to act upon the evidence produced."); 2 McCormick on Evid. § 254 (6th ed. 2006) ("Judicial admissions are not evidence at all. Rather, they are formal concessions in the pleadings in the case or stipulations by a party or counsel that have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact").

Carson is therefore bound by its own deliberate, clear, and unequivocal statements about a material fact and is estopped now to reverse its factual assertions.

Moreover, "[p]etitioners are generally bound by the conduct of their attorneys, including admissions made by them, absent egregious circumstances." See <u>Magallanes-Damian v. INS</u> (9th Cir. 1986) 783 F.2d 931, 934. No "egregious circumstances" are present herein as to warrant Carson's withdrawal of its binding judicial admission.

Unless Carson admits that its sworn declaration and documents submitted in support of its motion for summary adjudication and assertions made by its counsel were a sham and demonstrates to the Court why such conduct constitutes "egregious circumstances" to Carson's prejudice, Carson should not be allowed to retract its binding formal judicial admission.

>   D. <u>BECAUSE DEFENDANT IS ENTITLED TO HAVE THE DISPUTED EVIDENCE PRESENTED TO THE JURY, DEFENDANT IS ENTITLED TO DEMONSTRATE TO THE JURY PLAINTIFF'S LACK OF CREDIBILITY AND A LACK OF TRUSTWORTHINESS OF PLAINTIFF'S BUSINESS RECORDS IN WHAT DEFENDANT PERCEIVES AS OUTRIGHT FRAUD THAT PLAINTIFF INTENDED TO COMMITT ON THE JURY BY PRESENTING ITS ALTERED RECORDS</u>

Having the right to have disputed issues of fact tried by a jury, it is a Defendant's prerogative to demonstrate to the jury Plaintiff's lack of credibility and a lack of trustworthiness of Plaintiff's business records and what Defendant perceives as outright fraud. Resolving the factual disputes addressed in Plaintiff's motion in limine may deprive Defendant of an opportunity to do so.

**CONCLUSION**

Based on the foregoing, Defendant's motion in limine No. 7 should be denied.

Dated: October 3, 2015	By: /s/ *John J. Hartford*
	JOHN J. HARTFORD
	Attorney for AMERICAN TECH.
	NETWORK CORP.