**EXHIBIT 13**

1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    A Limited Liability Partnership
2     Including Professional Corporations
   PAUL S. MALINGAGIO, Cal. Bar No. 90451
3  pmalingagio@sheppardmullin.com
   DAVID A. DeGROOT, Cal. Bar No. 168073
4  ddegroot@sheppardmullin.com
   Four Embarcadero Center, 17th Floor
5  San Francisco, California 94111-4109
   Telephone:   415.434.9100
6  Facsimile:   415.403.6062

7  Attorneys for Plaintiff
   CARSON INDUSTRIES, INC.
8

9                  **UNITED STATES DISTRICT COURT**

10               **NORTHERN DISTRICT OF CALIFORNIA**

11                   **SAN FRANCISCO DIVISION**

12

13  CARSON INDUSTRIES, INC., a South        Case No.  3:14-cv-01769-NC
    Carolina corporation,
14                                          **DECLARATION OF RICHARD J.
                     Plaintiff,            BARRETT IN SUPPORT OF
15                                          PLAINTIFF'S MOTION FOR
              v.                            SUMMARY ADJUDICATION**
16
    AMERICAN TECHNOLOGY                      Date: September 2, 2015
17  NETWORK, CORP., a California             Time: 1:00 pm
    corporation, dba American Technologies   Ctrm;  D, 15th Fl., 450 Golden Gate Av., SF
18  Network, American Technologies
    Network, Corp., and ATN Corp.,
19
                     Defendant.
20

21

22            I, Richard J. Barrett, declare as follows:

23

24            1.      I am Executive Vice President of Carson Industries, Inc. ("Carson"),

25  plaintiff in this matter. I have held this position since before 2009, when Carson first sold

26  products to defendant American Technology Network Corp. ("ATN") and continuously

27  until the present. I have personal knowledge of the facts stated herein.

28

2.      From my responsibilities as Executive Vice President, I have knowledge of and help to oversee the record-keeping practices of Carson. Specifically, the records attached hereto were kept in the ordinary course of Carson's business and either created or filed contemporaneously with the receipt of information by Carson that is indicated on each record.

3.      True and correct copies of Purchase Order numbers 11542 and 11843 received from ATN are attached hereto as Exhibits 1 and 2, respectively. True and correct copies of invoices sent by Carson to ATN are attached hereto as Exhibits 3 (for Inv. No. 3402) and 4 (Inv. No. 3478). ATN paid $50,000 toward Invoice Nos. 3402 in February 2012 and Carson credited $75,778.98 to ATN for returns of components from 327 other kits.

4.      True and correct copies of Packing Slip Nos. 11031 and 11024 are attached hereto as Exhibits 5 and 7, respectively. A true and correct copy of Invoice No. 3245, the invoice for the goods shipped with Packing Slip No. 11031, along with Carson's record showing payment of that invoice, is attached hereto as Exhibit 6.  A true and correct copy of Invoice No. 3237 for the goods shipped with Packing Slip No. 11024, along with Carson's record showing payment of that invoice, is attached hereto as Exhibit 8.

5.      Carson created a summary of its shipments of PVS-7D goggle kits to ATN, returns from ATN, and Carson's re-shipments of returns to ATN after repair. This summary was created from Carson's shipping and receiving records. A true and correct copy of this summary is attached hereto as Exhibit 9.

/ / /

1       I declare under penalty of perjury of the laws of the United States that the

2  foregoing is true and correct. Executed on July 23, 2015, at Hilton Head Island, South

3  Carolina.

4

5                                                          */s/ Richard J. Barrett*

6                                                          Richard J. Barrett



**Order Date 07/28/10**

**American Technologies Network Corp.**
1341 San Mateo Avenue
South San Francisco, CA 94080

**EXHIBIT 1**

Telephone: 650/989-5100

**Vendor:**

Carson Industries Inc.
54 Saw Timber Drive
Hilton Head, SC 29926

**Ship To:**

Warehouse
ATN Corp
1341 San Mateo Ave
South San Francisco, CA 94080

| Vendor | Vendor Fax Number | Vendor Telephone Number | Ship Via | F.O.B. | Payment Terms |
|---|---|---|---|---|---|
| CARSIN | 423/648-6626 | 423/648-6624 | Best Way | SSF CA | Net 10 Days |

| Buyer | Confirming To | Remarks | | Freight | Tax | Full Terms and Conditions |
|---|---|---|---|---|---|---|
| | | Quote 10170 | | CIF | N | http://www.atncorp.com/po |

| Line | Qty. Ordered | Unit of Measure | Your Item Number | Our Item Number | Unit Price | Extended Price |
|---|---|---|---|---|---|---|
| | Qty. Received | Qty. Open | Item Description | | Date Required | |
| 1 | 1000 | EACH | CK0720 | COBDPVS7 | 599.450 | 599450.00 |
| | 0 | 1000 | Body: PVS-7, w/ Nylon Case, Accessories Pack, (no headset) | | 08/28/10 | |

| | | |
|---|---|---|
| NonTaxable Subtotal | | 599450.00 |
| Taxable Subtotal | | 0.00 |
| Tax | | 0.00 |
| Total Order | | 599450.00 |

ATN Corp./Buyer is the assured party under Open Cargo policy that covers all ATN Corp. insurable interests. By accepting this Purchase Order vendor/ supplier agrees to all terms and conditions published on www.atncorp.com/po and will be responsible for any Excess Value Coverage. Please do NOT insure, do NOT declare value for insurance purposes or otherwise use carrier Excess Value Coverage on any shipments sent via Freight Collect on ATN Corp's account and/or sent on Vendor/Supplier account if Vendor/Supplier intends to charge ATN Corp. for any insurance coverage.

Print Date: 07/28/10   10:27 AM

Vendor Original

Authorized Signature

Page   1

C0159



Order Date  03/11/11

**American Technologies Network Corp.**
1341 San Mateo Avenue
South San Francisco, CA 94080

EXHIBIT 2

Telephone: 650/989-5100

**Vendor:**

Carson Industries Inc.
110 Nobel Court
Alpharetta, GA 30005

**Ship To:**

Warehouse
ATN Corp
1341 San Mateo Ave
South San Francisco, CA 94080

| Vendor | Vendor Fax Number | Vendor Telephone Number | Ship Via | F.O.B. | Payment Terms |
|---|---|---|---|---|---|
| CARSIN | 423/648-6626 | 404/550-4637 | Best Way | SSF CA | Net 10 Days |

| Buyer | Confirming To | Remarks | Freight | Tax | Full Terms and Conditions |
|---|---|---|---|---|---|
| | | Confirm Prices w/SO | CIF | N | http://www.atncorp.com/po |

| Line | Qty. Ordered / Qty. Received | Unit of Measure / Qty. Open | Your Item Number / Item Description | Our Item Number | Unit Price / Date Required | Extended Price |
|---|---|---|---|---|---|---|
| 1 | 10 / 0 | EACH / 10 | A3256391 / PVS Series 3x Afocal Lens | ACMPPVSXL3A | 325.000 / 03/11/11 | 3250.00 |

| | | |
|---|---|---|
| NonTaxable Subtotal | | 3250.00 |
| Taxable Subtotal | | 0.00 |
| Tax | | 0.00 |
| Total Order | | 3250.00 |

ATN Corp./Buyer is the assured party under Open Cargo policy that covers all ATN Corp. insurable interests. By accepting this Purchase Order vendor/ supplier agrees to all terms and conditions published on www.atncorp.com/po and will be responsible for any Excess Value Coverage. Please do NOT insure, do NOT declare value for insurance purposes or otherwise use carrier Excess Value Coverage on any shipments sent via Freight Collect on ATN Corp's account and/or sent on Vendor/Supplier account if Vendor/Supplier intends to charge ATN Corp. for any insurance coverage.

Print Date: 03/11/11    6:16 AM
Vendor Original

Authorized Signature

Page    1

C0161



CARSON INDUSTRIES

110 Nobel Court
Alpharetta, GA 30005
Tel (770) 753-4403
Fax (770)753-4406

# Invoice No. 3402

Page 1 of 1

| | |
|---|---|
| *Shipping address:* | American Technologies Network Corp<br>1341 San Mateo Ave<br>S. San Fransisco, CA  94080<br>Phone: (800) 910-2862<br>Fax:    650-875-0219 |
| *Account address:* | **American Technologies Network Corp**<br>1341 San Mateo Ave<br>S. San Fransisco, CA  94080<br>Phone: (800) 910-2862<br>Fax:    650-875-0219 |

*Ship Via:*  FEDEX Ground
*Fob desc:*  ORIGIN

| Invoice Date | Due Date | Terms | Salesperson |
|---|---|---|---|
| 12/17/2010 | 12/17/2010 | See Comments | |

| Order Qty | Ship Qty | Part ID/Description | Rev | U/M | Unit Price | Extended Price |
|---|---|---|---|---|---|---|
| 1,000 | 880 | **CK0720** | G | EA | 599.45000 | $527,516.00 |

PVS-7D Goggle Kit

Kit Contains:
1 ea  Rear Cover Assy w/ Eyecups A3144310
1 ea Wired Body Housing  A3207330
8 ea Washer  A3144314
1 ea Neck Cord  A3144306
1 ea Purge Screw A3144315
1 ea Purge O-Ring  A3144316
1 each Objective Lens Cover  A3144318
1 ea O-Ring  MS28775-044
1 ea O-Ring  MS28775-032
2 ea Washer, Flat  MS15795-802B
1 ea Eyepiece, A3144422
10 ea Screw, Machine  MS51957-4B
1 ea Objective Lens Assembly A3144305
1 ea Collimator A3172531
1 ea Sacrificial Window A3140630
2 ea Demist Shields A3144263
1 ea Soft Carrying Case A3187392
Shipment  11158    Our Order  11542    Your Order  11542
Tracking No.  961766160007588

EXHIBIT 3

| | |
|---|---|
| *Invoice Sub-total* | $527,516.00 |
| *Freight* | $0.00 |
| *Tax* | $0.00 |
| **Invoice Total** | **$527,516.00** |

C0011



110 Nobel Court
Alpharetta, GA 30005
Tel (770) 753-4403
Fax (770)753-4406

# Invoice No. 3478

Page 1 of 1

*Shipping address:*
American Technologies Network Corp
1341 San Mateo Ave
S. San Fransisco, CA  94080
Phone: (800) 910-2862
Fax:    650-875-0219

*Ship Via:*   FEDEX Ground
*Fob desc:*   ORIGIN

*Account address:*
**American Technologies Network Corp**
1341 San Mateo Ave
S. San Fransisco, CA  94080
Phone: (800) 910-2862
Fax:    650-875-0219

| Invoice Date | Due Date | Terms | Salesperson |
|---|---|---|---|
| **3/15/2011** | **3/15/2011** | | |

| Order Qty | Ship Qty | Part ID/Description | Rev | U/M | Unit Price | Extended Price |
|---|---|---|---|---|---|---|
| **10** | **10** | **A3256391** | | **EA** | **325.00000** | **$3,250.00** |
| | | 3X Magnifier | | | | |
| | | Shipment  11242      Our Order   11843-2011  Your Order  11843 | | | | |
| | | Tracking No.  961766160009285 | | | | |

EXHIBIT 4

| | |
|---|---|
| *Invoice Sub-total* | $3,250.00 |
| *Freight* | $0.00 |
| *Tax* | $0.00 |
| **Invoice Total** | **$3,250.00** |

C0014



**110 Nobel Court**
Alpharetta, GA 30005
Tel (770) 753-4403
Fax (770)753-4406

# Packing Slip No. 11031

Tracking No. 961766160005836

*Page 1 of 1*

*Invoice To:* **American Technologies Network Corp**
1341 San Mateo Ave
S. San Fransisco, CA  94080
Phone: (800) 910-2862
Fax:     650-875-0219

*Ship To:* **American Technologies Network Corp**
1341 San Mateo Ave
S. San Fransisco, CA  94080
Phone: (800) 910-2862
Fax:     650-875-0219

*Ship Date*  **9/14/2010**
*Ship Via*   FEDEX Ground

| Order Qty | Ship/BO Qty | Part ID/Description | U/M | Your Order | Our Order |
|-----------|-------------|---------------------|-----|------------|-----------|
| **500** | **90** | **CK0720** | **EA** | **11453-B** | 11453 |
|  | 0 | *Rev* G |  | *FOB* DESTINATION |  |
|  |  | PVS-7D Goggle Kit |  | *Terms* Net 30 days |  |
|  |  | Kit Contains: |  | *Salesperson* |  |
|  |  | 1 ea  Rear Cover Assy w/ Eyecups A3144310 |  |  |  |
|  |  | 1 ea Wired Body Housing  A3207330 |  |  |  |
|  |  | 8 ea Washer  A3144314 |  |  |  |
|  |  | 1 ea Neck Cord  A3144306 |  |  |  |
|  |  | 1 ea Purge Screw A3144315 |  |  |  |
|  |  | 1 ea Purge O-Ring  A3144316 |  |  |  |
|  |  | 1 each Objective Lens Cover A3144318 |  |  |  |
|  |  | 1 ea O-Ring  MS28775-044 |  |  |  |
|  |  | 1 ea O-Ring  MS28775-032 |  |  |  |
|  |  | 2 ea Washer, Flat  MS15795-802B |  |  |  |
|  |  | 1 ea Eyepiece, A3144422 |  |  |  |
|  |  | 10 ea Screw, Machine  MS51957-4B |  |  |  |
|  |  | 1 ea Objective Lens Assembly A3144305 |  |  |  |
|  |  | 1 ea Collimator A3172531 |  |  |  |
|  |  | 1 ea Sacrificial Window A3140630 |  |  |  |
|  |  | 2 ea Demist Shields A3144263 |  |  |  |
|  |  | 1 ea Soft Carrying Case A3187392 |  |  |  |

EXHIBIT 5

Ptf /Δ Exhibit 18
Wit: J. Munn
Date: 6-4-15
Janell Sokol, CSR



**CARSON** INDUSTRIES

110 Nobel Court
Alpharetta, GA 30005
Tel (770) 753-4403
Fax (770)753-4406

# Invoice No. 3245

Page 1 of 1

| | | | |
|---|---|---|---|
| *Shipping address:* | American Technologies Network Corp<br>1341 San Mateo Ave<br>S. San Fransisco, CA  94080<br>Phone: (800) 910-2862<br>Fax:   650-875-0219 | *Ship Via:*<br>*Fob desc:* | FEDEX Ground<br>DESTINATION |
| *Account address:* | **American Technologies Network Corp**<br>1341 San Mateo Ave<br>S. San Fransisco, CA  94080<br>Phone: (800) 910-2862<br>Fax:   650-875-0219 | | |

| Invoice Date | Due Date | Terms | Salesperson |
|---|---|---|---|
| 9/17/2010 | 10/17/2010 | Net 30 days | |

| Order Qty | Ship Qty | Part ID/Description | Rev | U/M | Unit Price | Extended Price |
|---|---|---|---|---|---|---|
| 500 | 90 | CK0720 | G | EA | 599.45000 | $53,950.50 |
| | | PVS-7D Goggle Kit | | | | |

Kit Contains:
1 ea  Rear Cover Assy w/ Eyecups A3144310
1 ea Wired Body Housing  A3207330
8 ea Washer  A3144314
1 ea Neck Cord  A3144306
1 ea Purge Screw A3144315
1 ea Purge O-Ring  A3144316
1 each Objective Lens Cover  A3144318
1 ea O-Ring  MS28775-044
1 ea O-Ring  MS28775-032
2 ea Washer, Flat  MS15795-802B
1 ea Eyepiece, A3144422
10 ea Screw, Machine  MS51957-4B
1 ea Objective Lens Assembly A3144305
1 ea Collimator A3172531
1 ea Sacrificial Window A3140630
2 ea Demist Shields A3144263
1 ea Soft Carrying Case A3187392
Shipment  11031     Our Order  11453     Your Order  11453-B
Tracking No.  961766160005836
Please note, 100 Soft Cases were shipped against Shipment ID 11031, overage of 10 Soft
Cases.  Shipment 11035 was short shipped 10 to equal out the difference.

Pltf △ Exhibit  19
Wit: J. Munn
Date: 6-4-15
Janell Sokol, CSR

| | |
|---|---|
| *Invoice Sub-total* | $53,950.50 |
| *Freight* | $0.00 |
| *Tax* | $0.00 |
| **Invoice Total** | **$53,950.50** |

EXHIBIT 6

# AR Payments Edit List

**Carson Industries Inc.**

## Session Settings

| Session No | Deposit Amount | Amount Cleared | Amount Remaining | Receipt Date | Year/Period |
|---|---|---|---|---|---|
| 395 | $491,549.00 | $491,549.00 | $0.00 | 12/15/2010 | 2010/12 |

## Payments and Credits

Customer   ATN   American Technologies Network Corp

| Payment No | Payment Am | Description | Invoice | Amt Applied | Discount | Adj Amt | Tax Amt | Overpay Amt |
|---|---|---|---|---|---|---|---|---|
| 12/15/10 | $491,549.00 | | 3242 | $59,945.00 | $0.00 | $0.00 | $0.00 | |
| | | | 3245 | $53,950.50 | $0.00 | $0.00 | $0.00 | |
| | | | 3249 | $17,983.50 | $0.00 | $0.00 | $0.00 | |
| | | | 3300 | $29,972.50 | $0.00 | $0.00 | $0.00 | |
| | | | 3303 | $59,945.00 | $0.00 | $0.00 | $0.00 | |
| | | | 3306 | $28,174.15 | $0.00 | $0.00 | $0.00 | |
| | | | 3313 | $53,950.50 | $0.00 | $0.00 | $0.00 | |
| | | | 3314 | $59,945.00 | $0.00 | $0.00 | $0.00 | |
| | | | 3319 | $59,945.00 | $0.00 | $0.00 | $0.00 | |
| | | | 3320 | $67,737.85 | $0.00 | $0.00 | $0.00 | |
| | $491,549.00 | | | $491,549.00 | $0.00 | $0.00 | $0.00 | $0.00 |

### GL Recap in Base Currency

| Account | Description | Debits | Credits |
|---|---|---|---|
| 001-00103-001 | Wells Fargo | 491,549.00 | 0.00 |
| 001-00110-001 | Accounts Receivable | 0.00 | 491,549.00 |
| | | 491,549.00 | 491,549.00 |



## CARSON INDUSTRIES

110 Nobel Court
Alpharetta, GA 30005
Tel (770) 753-4403
Fax (770)753-4406

# Packing Slip No. 11024
### Tracking No. 442962088086
*Page 1 of 1*

*Invoice To:* **American Technologies Network Corp**
1341 San Mateo Ave
S. San Fransisco, CA  94080
Phone:  (800) 910-2862
Fax:      650-875-0219

*Ship To:* **American Technologies Network Corp**
1341 San Mateo Ave
S. San Fransisco, CA  94080
Phone:  (800) 910-2862
Fax:      650-875-0219

*Ship Date*   **9/10/2010**
*Ship Via*    2nd Day

| Order Qty | Ship/BO Qty | Part ID/Description | U/M | Your Order | Our Order |
|---|---|---|---|---|---|
| **500** | **100** | **CK0720** | **EA** | **11453-B** | **11453** |
| | 0 | *Rev*   G | *FOB*   DESTINATION | | |
| | | PVS-7D Goggle Kit | *Terms*   Net 30 days | | |
| | | Kit Contains: | *Salesperson* | | |
| | | 1 ea  Rear Cover Assy w/ Eyecups A3144310 | | | |
| | | 1 ea Wired Body Housing  A3207330 | | | |
| | | 8 ea Washer  A3144314 | | | |
| | | 1 ea Neck Cord  A3144306 | | | |
| | | 1 ea Purge Screw A3144315 | | | |
| | | 1 ea Purge O-Ring  A3144316 | | | |
| | | 1 each Objective Lens Cover A3144318 | | | |
| | | 1 ea O-Ring  MS28775-044 | | | |
| | | 1 ea O-Ring  MS28775-032 | | | |
| | | 2 ea Washer, Flat  MS15795-802B | | | |
| | | 1 ea Eyepiece, A3144422 | | | |
| | | 10 ea Screw, Machine  MS51957-4B | | | |
| | | 1 ea Objective Lens Assembly A3144305 | | | |
| | | 1 ea Collimator A3172531 | | | |
| | | 1 ea Sacrificial Window A3140630 | | | |
| | | 2 ea Demist Shields A3144263 | | | |
| | | 1 ea Soft Carrying Case A3187392 | | | |

EXHIBIT 7



Plt /Δ Exhibit   20
Wit: J. Munn
Date: 6 - 4 -15
Janell Sokol, CSR



110 Nobel Court
Alpharetta, GA 30005
Tel (770) 753-4403
Fax (770)753-4406

# Invoice No. 3237

Page 1 of 1

| | | | | |
|---|---|---|---|---|
| *Shipping address:* | American Technologies Network Corp | *Ship Via:* | 2nd Day | |
| | 1341 San Mateo Ave | *Fob desc:* | DESTINATION | |
| | S. San Fransisco, CA  94080 | | | |
| | Phone: (800) 910-2862 | | | |
| | Fax:    650-875-0219 | | | |
| *Account address:* | **American Technologies Network Corp** | | | |
| | 1341 San Mateo Ave | | | |
| | S. San Fransisco, CA  94080 | | | |
| | Phone: (800) 910-2862 | | | |
| | Fax:    650-875-0219 | | | |

| *Invoice Date* | *Due Date* | *Terms* | *Salesperson* |
|---|---|---|---|
| **9/10/2010** | **10/10/2010** | Net 30 days | |

| Order Qty | Ship Qty | Part ID/Description | Rev | U/M | Unit Price | Extended Price |
|---|---|---|---|---|---|---|
| **500** | **100** | **CK0720** | **G** | **EA** | **599.45000** | **$59,945.00** |
| | | PVS-7D Goggle Kit | | | | |

Kit Contains:
1 ea  Rear Cover Assy w/ Eyecups A3144310
1 ea Wired Body Housing  A3207330
8 ea Washer  A3144314
1 ea Neck Cord  A3144306
1 ea Purge Screw A3144315
1 ea Purge O-Ring  A3144316
1 each Objective Lens Cover  A3144318
1 ea O-Ring  MS28775-044
1 ea O-Ring  MS28775-032
2 ea Washer, Flat  MS15795-802B
1 ea Eyepiece, A3144422
10 ea Screw, Machine  MS51957-4B
1 ea Objective Lens Assembly A3144305
1 ea Collimator A3172531
1 ea Sacrificial Window A3140630
2 ea Demist Shields A3144263
1 ea Soft Carrying Case A3187392
Shipment  11024     Our Order   11453     Your Order  11453-B
Tracking No.  442962088086

Plf /∆ Exhibit  21
Wit: J. Munro
Date: 6-4-15
Janell Sokol, CSR

| | |
|---|---|
| *Invoice Sub-total* | $59,945.00 |
| *Freight* | $0.00 |
| *Tax* | $0.00 |
| **Invoice Total** | **$59,945.00** |

EXHIBIT 8

# AR Payments Edit List                                   **Carson Industries Inc.**

## Session Settings

| Session No | Deposit Amount | Amount Cleared | Amount Remaining | Receipt Date | Year/Period |
|---|---|---|---|---|---|
| 363 | $676,310.00 | $676,310.00 | $0.00 | 10/14/2010 | 2010/10 |

## Payments and Credits

Customer  ATN          American Technologies Network Corp

| Payment No | Payment Am | Description | Invoice | Amt Applied | Discount | Adj Amt | Tax Amt | Overpay Amt |
|---|---|---|---|---|---|---|---|---|
| 10-14-10 | $676,310.00 | | 2811 | $18,570.00 | $0.00 | $0.00 | $0.00 | |
| | | | 2814 | $15,800.00 | $0.00 | $0.00 | $0.00 | |
| | | | 2816 | $14,856.00 | $0.00 | $0.00 | $0.00 | |
| | | | 2824 | $49,520.00 | $0.00 | $0.00 | $0.00 | |
| | | | 2838 | $30,950.00 | $0.00 | $0.00 | $0.00 | |
| | | | 2840 | $30,950.00 | $0.00 | $0.00 | $0.00 | |
| | | | 2846 | $61,900.00 | $0.00 | $0.00 | $0.00 | |
| | | | 2847 | $37,140.00 | $0.00 | $0.00 | $0.00 | |
| | | | 2850 | $37,140.00 | $0.00 | $0.00 | $0.00 | |
| | | | 2854 | $14,856.00 | $0.00 | $0.00 | $0.00 | |
| | | | 2855 | $16,094.00 | $0.00 | $0.00 | $0.00 | |
| | | | 2858 | $46,425.00 | $0.00 | $0.00 | $0.00 | |
| | | | 2891 | $108,325.00 | $0.00 | $0.00 | $0.00 | |
| | | | 2893 | $11,375.00 | $0.00 | $0.00 | $0.00 | |
| | | | 2913 | $4,333.00 | $0.00 | $0.00 | $0.00 | |
| | | | 3064 | $58,186.00 | $0.00 | $0.00 | $0.00 | |
| | | | 3236 | $59,945.00 | $0.00 | $0.00 | $0.00 | |
| | | | 3237 | $59,945.00 | $0.00 | $0.00 | $0.00 | |
| | $676,310.00 | | | $676,310.00 | $0.00 | $0.00 | $0.00 | $0.00 |

## GL Recap in Base Currency

| Account | Description | Debits | Credits |
|---|---|---|---|
| 001-00103-001 | Wells Fargo | 676,310.00 | 0.00 |
| 001-00110-001 | Accounts Receivable | 0.00 | 676,310.00 |
| | | 676,310.00 | 676,310.00 |

Case 3:14-cv-01769-NC   Documents 3-1   Filed 07/24/15   Page 11 of 12

| SHIPMENTS | ORDER | PART ID | DESCRIPTION | QTY SHIPPED | SHIP DATE | TOTAL UNITS SHIPPED |
|---|---|---|---|---|---|---|
| 11174 | 11543 | CK0720 | PVS-7D Goggle Kit | 500 | 12/28/2010 12:45 PM | 3518 |
| 11158 | 11542 | CK0720 | PVS-7D Goggle Kit | 880 | 12/15/2010 09:42 AM | |
| 11104 | 11542 | CK0720 | PVS-7D Goggle Kit | 100 | 10/22/2010 03:13 PM | |
| 11101 | 11533 | CK0720 | PVS-7D Goggle Kit | 93 | 10/21/2010 04:24 PM | |
| 11101 | 11542 | CK0720 | PVS-7D Goggle Kit | 20 | 10/21/2010 04:24 PM | |
| 11100 | 11533 | CK0720 | PVS-7D Goggle Kit | 100 | 10/20/2010 05:27 PM | |
| 11095 | 11533 | CK0720 | PVS-7D Goggle Kit | 100 | 10/19/2010 04:31 PM | |
| 11094 | 11533 | CK0720 | PVS-7D Goggle Kit | 90 | 10/18/2010 04:26 PM | |
| 11087 | 11533 | CK0720 | PVS-7D Goggle Kit | 47 | 10/15/2010 04:22 PM | |
| 11083 | 11453 | CK0720 | PVS-7D Goggle Kit | 30 | 10/14/2010 04:31 PM | |
| 11083 | 11533 | CK0720 | PVS-7D Goggle Kit | 70 | 10/14/2010 04:31 PM | |
| 11080 | 11453 | CK0720 | PVS-7D Goggle Kit | 50 | 10/13/2010 03:29 PM | |
| 11035 | 11453 | CK0720 | PVS-7D Goggle Kit | 30 | 09/15/2010 03:46 PM | |
| 11031 | 11453 | CK0720 | PVS-7D Goggle Kit | 90 | 09/14/2010 03:07 PM | |
| 11028 | 11453 | CK0720 | PVS-7D Goggle Kit | 100 | 09/13/2010 04:38 PM | |
| 11024 | 11453 | CK0720 | PVS-7D Goggle Kit | 100 | 09/10/2010 02:38 PM | |
| 11023 | 11453 | CK0720 | PVS-7D Goggle Kit | 100 | 09/09/2010 03:54 PM | |
| 10871 | 11122 | CK0720 | PVS-7D Goggle Kit | 94 | 06/01/2010 03:48 PM | |
| 10828 | 11122 | CK0720 | PVS-7D Goggle Kit | 125 | 04/30/2010 02:56 PM | |
| 10734 | 11122 | CK0720 | PVS-7D Goggle Kit | 3 | 03/08/2010 12:07 PM | |
| 10733 | 11122 | CK0720 | PVS-7D Goggle Kit | 7 | 03/08/2010 02:51 PM | |
| 10712 | 11122 | CK0720 | PVS-7D Goggle Kit | 175 | 02/24/2010 01:54 PM | |
| 10686 | 11122 | CK0720 | PVS-7D Goggle Kit | 75 | 02/08/2010 03:28 PM | |
| 10683 | 11122 | CK0720 | PVS-7D Goggle Kit | 26 | 02/05/2010 03:25 PM | |
| 10682 | 11121 | CK0720 | PVS-7D Goggle Kit | 24 | 02/05/2010 03:18 PM | |
| 10680 | 11121 | CK0720 | PVS-7D Goggle Kit | 60 | 02/04/2010 03:30 PM | |
| 10677 | 11121 | CK0720 | PVS-7D Goggle Kit | 60 | 02/03/2010 02:45 PM | |
| 10676 | 11121 | CK0720 | PVS-7D Goggle Kit | 100 | 02/02/2010 02:56 PM | |
| 10670 | 11121 | CK0720 | PVS-7D Goggle Kit | 50 | 01/28/2010 04:10 PM | |
| 10669 | 11121 | CK0720 | PVS-7D Goggle Kit | 50 | 01/29/2010 02:42 PM | |
| 10657 | 11121 | CK0720 | PVS-7D Goggle Kit | 80 | 01/21/2010 02:36 PM | |
| 10650 | 11121 | CK0720 | PVS-7D Goggle Kit | 24 | 01/19/2010 02:50 PM | |
| 10648 | 11121 | CK0720 | PVS-7D Goggle Kit | 25 | 01/18/2010 03:17 PM | |
| 10645 | 11121 | CK0720 | PVS-7D Goggle Kit | 30 | 01/15/2010 03:56 PM | |
| 10622 | 11120 | CK0720 | PVS-7D Goggle Kit | 10 | 01/05/2010 03:48 PM | |

**TOTAL RMA(S) RETURNED**

425

**TOTAL RMA(S) SHIPPED**

98

EXHIBIT 9

## RMA SHIPMENTS

| ORDER | PART ID | DESCRIPTION | QTY SHIPPED | SHIP DATE |
|-------|---------|-------------|-------------|-----------|
| RMA10090 | CK0720 | PVS-7D Goggle Kit | 10 | 06/03/2011 01:38 PM |
| RMA10088 | CK0720 | PVS-7D Goggle Kit | 10 | 04/18/2011 04:27 PM |
| RMA10054 | CK0720 | PVS-7D Goggle Kit | 78 | 07/13/2010 03:25 PM |

## RMA RECEIPTS

| RMA ID | PART ID | DESCRIPTION | QTY RECEIVED | RECEIPT DATE |
|--------|---------|-------------|--------------|--------------|
| 10098 | CK0720 | PVS-7D GOGGLE KIT | 100 | 07/20/2011 12:00 AM |
| 10071 | CK0720 | PVS-7D GOGGLE KIT | 36 | 06/17/2011 08:29 AM |
| 10092 | CK0720 | PVS-7D GOGGLE KIT | 150 | 06/17/2011 08:29 AM |
| 10095 | CK0720 | PVS-7D GOGGLE KIT | 41 | 06/17/2011 08:29 AM |
| 10090 | CK0720 | PVS-7D GOGGLE KIT | 10 | 05/02/2011 02:57 PM |
| 10088 | CK0720 | PVS-7D GOGGLE KIT | 10 | 04/12/2011 03:28 PM |
| 10054 | CK0720 | PVS-7D GOGGLE KIT | 78 | 07/12/2010 09:23 AM |

**EXHIBIT 14**

**James Munn**

| | |
|---|---|
| **From:** | Cathy Rogers [cathy.rogers@carson-industries.com] |
| **Sent:** | Wednesday, January 05, 2011 12:11 PM |
| **To:** | jmunn@atncorp.com |
| **Subject:** | New Shipping Address |
| **Attachments:** | Shipping Address_.doc |

10 531

1



July 2, 2014

Dear James:

We at Carson Industries are proud to announce that we are moving to Alpharetta, GA January 12, 2011. **Please hold all shipments until Monday, January 24th.  Shipments received after January 7th will be returned to the sender.**

Shipping Address:
    Carson Industries, Inc.
    110 Nobel Court
    Alpharetta, GA  30005

During the move, the landline phones will be unavailable.  Please contact Dennis Latora with any questions (404) 550-4637.

Thank you,

Cathy Rogers

Carson Industries
110 Nobel Court
Alpharetta, GA   30005
cathy.rogers@carson-industries.com

10 532



1682 Langley Avenue, Irvine, CA 92614
Ph: (949) 260 0344 Fax: (949) 260 0343 Toll Free: 1 866 617 6389 Web: www.m1software.com

**EXHIBIT 15**

1 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    A Limited Liability Partnership
2 |   Including Professional Corporations
  | PAUL S. MALINGAGIO, Cal. Bar No. 90451
3 | DAVID A. DEGROOT, Cal. Bar No. 168073
  | Four Embarcadero Center, 17th Floor
4 | San Francisco, California 94111-4109
  | Telephone:    415.434.9100
5 | Facsimile:    415.434.3947

6 | Attorneys for Plaintiff
  | CARSON INDUSTRIES, INC.

7

8 | **UNITED STATES DISTRICT COURT**

9 | **NORTHERN DISTRICT OF CALIFORNIA**

10 | **SAN FRANCISCO DIVISION**

11

12 | CARSON INDUSTRIES, INC., a South Carolina corporation,

13 |                          Plaintiff,

14 |        v.

15 | AMERICAN TECHNOLOGY NETWORK, CORP., a California corporation, dba
16 | American Technologies Network, American
   | Technologies Network, Corp., and ATN Corp.,
17 |

18 |                          Defendant.

19

Case No. 3:14-cv-01769-NC

**PLAINTIFF CARSON INDUSTRIES INC.'S MOTION FOR SUMMARY ADJUDICATION**

Hrg. Date: September 2, 2015
Time:      1 pm
Ctrm:      D, 15th Fl.,
Location:   450 Golden Gate Ave.
                 San Francisco, CA

1         TO DEFENDANT AMERICAN TECHNOLOGY NETWORK CORP. ("ATN" or

2    "Defendant") AND ITS ATTORNEY OF RECORD:

3         **Notice of Motion:** Please take note that plaintiff Carson Industries, Inc. ("Carson"

4    or "Plaintiff") will and hereby does move for summary adjudication, as indicated below. Said

5    motion will be heard on September 2, 2015 at 1 pm, or as soon thereafter as it may be heard, at the

6    United States District Court for the Northern District of California, 450 Golden Gate Ave.,

7    Courtroom D, 15th Floor, San Francisco, CA, the Honorable Nathanael Cousins presiding. The

8    motion will be based on this notice of motion and motion, the memorandum of points and

9    authorities, the accompanying declarations, the argument of counsel, and all of the papers on file

10   in this action.

11        **Motion:** Pursuant to Federal Rule of Civil Procedure 56 and Local Rules 7 and 56,

12   Carson moves for summary adjudication of the following three issues: (1) ATN's liability for 463

13   units of PVS-7D night vision goggle kits at the unit price of $599.45 ($277,545.35 subtotal) and

14   10 units of PVS 3x series afocal lenses at the unit price of $325.00 ($3,250 subtotal), for a total

15   liability of $280,795.35 on said units, plus applicable interest, on the ground that these units were

16   ordered by ATN, delivered by Carson, accepted by ATN, and said acceptance was never revoked;

17   (2) ATN's liability for an additional 90 units of PVS-7D goggle kits at the unit price of $599.45,

18   for a total liability of $53,950.50, plus applicable interest, on the ground that these units were

19   ordered by ATN, delivered by Carson, accepted by ATN, and said acceptance was never revoked;

20   and (3) ATN's liability for unreturned portions of 327 units of PVS-7D goggle kits, on the ground

21   that it failed to return other portions of those kits.

22        ***MEMORANDUM OF POINTS AND AUTHORITIES***

23        **I. <u>INTRODUCTION AND SUMMARY OF ARGUMENT</u>**

24        Carson sold night vision goggle kits to ATN. It delivered 880 units in late 2010,

25   pursuant to a purchase order from ATN. ATN accepted those units, never revoked its acceptance

26   and, except for a progress payment of $50,000 in early 2012, has not paid for these units.

27        ATN makes various wild assertions to overcome these basic facts, like asserting

28   that all 880 units were defective. These assertions beg the question of why ATN simply didn't

return the units. It made some partial returns during 2011. It had alternative sources for the same products, including one source that, according to ATN, replaced units for less than half of Carson's price. ATN instead decided to use Carson's products, and not pay for them.

Under the Uniform Commercial Code, a buyer cannot accept products and not pay for them. A buyer may revoke acceptance under certain circumstances, but must at a minimum communicate that revocation to the seller. Here, ATN not only failed to communicate any revocation, it did the opposite by making a progress payment of $50,000 to Carson. Thus, the Court can grant Carson's motion even if it assumes that ATN's far-fetched tale is true, because it is undisputed that ATN accepted Carson's deliveries and never revoked its acceptance.

## II. <u>BACKGROUND FACTS</u>

**<u>The Orders and The Deliveries</u>**: Carson sells components for night vision sights and goggles. ATN placed orders with Plaintiff for components in 2010 and 2011. In addition to other purchase orders, ATN ordered 1000 PVS-7D goggle kits, item no. CK0720, by its purchase order number 11542, dated July 28, 2010. Declaration of Richard J. Barrett ("Barrett Decl."), ¶ 3 and Ex. 1. ATN also ordered 10 PVS series 3x Afocal lenses, item no. A3256391, by its purchase order number 11843, dated March 11, 2011. Barrett Decl., Ex. 2. Carson shipped goods for purchase order 11542 to ATN on or about October 21, 2010 (20 units), October 22, 2010 (100 units), and December 15, 2010 (880 units). *Id*., ¶ 3 and Ex. 9. Plaintiff invoiced ATN for $527,516 on December 17, 2010, invoice number 3402, for the December 15, 2010 shipment of goods for purchase order 11542. *Id.,* Ex. 3. Plaintiff shipped goods for purchase order 11843 on or about March 14, 2011. *Id*., ¶ 3 and Ex. 9. Plaintiff invoiced ATN for $3,250 on March 15, 2011, invoice number 3478, for purchase order 11843. *Id.,* Ex. 4. ATN paid $50,000 toward outstanding balances in February 2012 and Carson credited $75,778.98 to ATN for returns of components from 327 other kits, for a net obligation of $404,987.02. Barrett Decl., ¶ 3.

Carson also shipped, among other units, two shipments of 100 and 90 kits, respectively, in September 2010. Barrett Decl., ¶ 4 and Exs. 5, 7. ATN paid the invoices for these

1    shipments. *Id.*, Exs. 6, 8 (invoices and payment records).[1] ATN acknowledges that it "irrevocably

2    accepted" units it received from Carson. DeGroot Decl., Ex. 2 at 8:24, ¶ 22 (ATN's answer).

3                    **ATN's Returns:** ATN claimed that some of Carson's shipment of 880 units had

4    double-vision issues. It made partial returns of 425 units, of which Carson returned 98 units to

5    ATN, for net returns of 327 units. Barrett Decl., Ex. 9. Contemporary correspondence confirms

6    Carson's return figures. DeGroot Decl., Exs. 3, 4 (email summarizing returns) and Ex. 1 at 32:2-

7    34:2, 35:6-13 (testimony of ATN 30(b)(6) representative James Munn).

8                    **ATN's Alleged Repairs Coincide With A $50,000 Progress Payment:** In early

9    2012, ATN still had not paid its outstanding invoices. Personnel from Carson and ATN met during

10   a convention in Las Vegas to discuss the status of these invoices. DeGroot Decl., Ex. 5 (email

11   from Carson to ATN's Munn with summary of ATN's account with Carson attached).  In further

12   correspondence with Carson personnel, Munn described positive discussions with the only

13   question being the unit count:

                     We are reviewing the info and will try to net out the amount owed
14                   and make sure everything matches. [¶] In a sign of good faith we are
15                   sending out a check for 50k while we are sorting out the numbers.

16   DeGroot Decl., Ex. 1 at 52:8-25 and Ex. 6. ATN made a $50,000 payment in February 2012.

17   DeGroot Decl., Ex. 1 at 52:17-21.

18                   ATN now claims it was seeking repair or replacement of 920 kits by Hitek

19   International. DeGroot Decl., Ex. 1 at 134:16-24 and Ex. 7 (Hitek invoices dated from Dec. 2011

20   to March 2012). ATN did not inform Carson of any third-party work on these kits. *Id.*, Ex. 1 at

21   43:17-19, 51:1-7. ATN's Chief Operating Officer, James Munn, provided the following testimony

22   on the reasons that ATN neither asked to return kits to Carson nor told Carson it was going to have

23   the kits allegedly repaired at Carson's expense:

24
---

[1]        ATN  has asserted that it did not receive one shipment of 90 units. *See* DeGroot Decl., Ex.
25    1 at 90:22-91:22 (examination of J. Munn re allegedly missing shipment of 90 units). The
      fact that ATN paid for the two shipments identified by ATN as part of an alleged mixup
26    (Barrett Decl., Exs. 6, 8) shows that there is no material dispute regarding ATN's receipt of
      the 90 units in question. Carson has divided its motion regarding the 553 units ATN
27    received into 463 units not subject to ATN's "90 missing units" assertion (Issue #1) and
      the 90 additional units that ATN both received and paid for (Issue #2).
28

1    Q.  Okay.  Did you raise the topic of sending back units with which you weren't satisfied?
2    A.  No.
     Q.  Did you mention the possibility of sending units that you had problems with
3    to a third party vendor?
     A.  No.
4    Q.  And at that point were you contemplating sending units out to a third party vendor?
5    A.  Yes.
     Q.  And was there a reason that you didn't mention then that you were
6    contemplating sending units out to a third party vendor?
     A.  When we were contemplating litigation against them at the  time and with
7    discussions through Mr. Morgovsky and his discussion through Mr. Hartford, you know, he basically told us not to at the moment.
8    Q.  Not to what?
     A.  Not to bring this up.
9    Q.  So is it your testimony that in early 2012, ATN was contemplating litigation and contemplating repairs to units that had been supplied by Carson -- . . .
10       It's your testimony that you were contemplating litigation against Carson in January 2012?
11   A.  Yes.
     Q.  And what would be the grounds for that?  What were the grounds for
12   litigation in your mind at that time?
     A.  The fact that we had so many defects in the units.
13   Q.  And what would your -- and was there anything preventing you from simply returning the units and not paying for them?
14   A.  Well, at the point, you know, we needed units and it seemed to make sense at the time to have them repaired and use them.
15   Q.  And did you expect that Carson would pay for those repairs?
     A.  I would believe so, yes.
16   Q.  And did you mention to Carson at any time that you would expect them to -- that any further payments that would be forthcoming from ATN would be net of
17   any repair costs that --
     A.  Not at that time, no.
18   Q.  Okay. Did you ever tell them that before litigation was actually commenced?
     A.  No.
19

20   DeGroot Decl., Ex. 1 at 43:14-45:9.

21       ATN's only record of the work allegedly done by Hitek is three single-page

22   invoices for work allegedly totaling $230,000. *Id.*, Ex. 7. According to ATN, some of the 920

23   units were replaced by Hitek at a cost of $250 per unit. DeGroot Decl., Ex. 1 at 138:15-140:5, Ex.

24   7 (invoices). ATN has not explained why it did not return Carson's units and replace them with

25   different kits it could apparently obtain at less than half the cost of Carson's.

26       ATN's only explanation for not informing Carson of its sending Carson units for

27   repair or replacement by a third party was advice it received from its attorney, John Hartford, and

28

Naum Morgovsky[2], who advised ATN that ATN should not tell Carson anything. *Id.*, Ex. 1 at 112:1-113:5. ATN was never told it could not return units. *Id.*, Ex. 1 at 118:25-119:10. Rather than revoke its acceptance, it paid $50,000 on the outstanding invoices in February 2012. DeGroot Decl., Ex. 1 at  52:17-21. ATN does not know if  it responded to further inquiry from Carson in June 2012 with regard to the remaining balance. DeGroot Decl., Ex. 9 (June 2012 email inquiry), Ex.1 at 58:22-59:13.

## III. ARGUMENT

### A.  The Summary Adjudication Standard and the Burden of Proof

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A fact is "material" when, under the governing substantive law, it could affect the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997) overruled on other grounds *Shakur v. Schriro*, 514 F.3d 878 (9th Cir. 2008).  A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.  When making this determination, all inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact.  *Celotex*, 477 U.S. at 323.  Once the moving party meets this initial burden, however, the burden shifts to the non-moving party to "go beyond the pleadings and by her own affidavits, or by 'the depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"

---

[2]      Mr. Morgovsky is quite involved in this dispute. He apparently does business as Hitek International, which is not apparently a corporation. DeGroot Decl., ¶ 9. He has identified himself as Mr. Hartford's "assistant" on this matter and Mr. Hartford uses Mr. Morgovsky's address as his mailing address for this case. *Id.* Mr. Hartford demands that any emails to him be accompanied by a call to the number listed on his pleadings that Mr. Morgovsky answers. *Id.* Mr. Morgovsky is also a registered California vexatious litigant. *Id.*, Ex. 8 (http://www.courts.ca.gov/documents/vexlit.pdf at 39).

1    *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).  Defendant cannot defeat summary

2    judgment by merely demonstrating "that there is some metaphysical doubt as to the material

3    facts."  *Matsushita Elec. Idus. Co.*, 475 U.S. at 586; *Triton Energy Corp. v. Square D Co.*, 68 F.3d

4    1216, 1221 (9th Cir. 1995).  Rather, Defendant must present affidavits or other evidence which

5    identify specific facts supporting its claim.  "Mere allegation and speculation do not create a

6    factual dispute for purposes of summary judgment."  *Nelson v. Pima Community College*, 83 F.3d

7    1075, 1081-82 (9th Cir. 1996).

8        **B.  ATN Breached the Contract**

9        ATN breached its contract with Carson by accepting the kits at issue, not revoking

10   that acceptance, and then failing to pay for those kits pursuant to the written invoices.  If the goods

11   or the tender of delivery fail in any respect to conform to the contract, the buyer may either reject

12   the whole, accept the whole, or accept any commercial unit or units and reject the rest.  Cal. Com.

13   Code § 2601. A buyer must pay at the contract rate for any goods accepted.  § 2607(1).  Thus, if

14   ATN accepted the kits at issue and did not revoke its acceptance, then ATN is liable for the

15   contract price of those kits and breached the contract by refusing to pay for them.

16       1.  ATN Accepted the Kits

17       A buyer is deemed to have accepted the goods if he fails to effectively reject the

18   goods after having a reasonable opportunity to inspect them.  Cal. Com. Code § 2606(1)(b).

19   Rejection will not be effective unless the buyer seasonably notifies the seller.  § 2602(1).

20       ATN accepted the 553 kits that it did not partially return. Instead, ATN eventually

21   paid Carson $50,000 of what it owed to show its good faith.  DeGroot Decl., Ex. 1 at 52:17-21 and

22   Ex. 6.  Contemporaneous with this payment, it did not tell Carson that it was (allegedly) sending

23   kits to a third-party for repair or that it expected that Carson would be liable for the cost of that

24   repair. DeGroot Decl., Ex. 1 at  43:14-45:9.  ATN's Munn also admitted that ATN never informed

25   Carson that it was no longer going to pay on the invoices. DeGroot Decl., Ex. 1 at 121:21-23.

26   According to the official comments to Uniform Commercial Code section 2606, a payment like

27   ATN's $50,000 payment confirms continuing acceptance of goods. *See* DeGroot Decl., Ex. 10 at 2

28   (Official Comment 3 to UCC § 2606).

Alternatively, ATN also accepted the kits when it had them repaired by a third-party and sold them to customers. "Acceptance of goods occurs when the buyer does any act inconsistent with the seller's ownership." Cal. Com. Code § 2606(c). Selling goods for consideration is an act of ownership and acceptance. *Gladium Co. v. Thatcher*, 95 Cal. App. 85, 90-91 (1928) (holding that "[r]etaining the property or conveying it for a consideration are acts indicating that he treated the property as his own, and would amount to an acceptance which would make the respondent liable for their value."). Repairing or modifying goods, even goods that the buyer claims are defective, without the consent of the seller, is also deemed an act of acceptance. *Mardikian v. Parador Min. Co.*, 192 Cal. App. 2d 747, 750 (1961) (holding that where buyer modified the height of the purchased tractor without the consent of the seller, the tractor was accepted by the buyer); *Reininger v. Eldon Mfg. Co.*, 114 Cal. App. 2d 240, 241 (1952) (holding there was no question that the seller was entitled to the balance of the contract price where the buyer notified the seller that the goods were defective, kept the goods, and exercised dominion over them by attempting to rework them). ATN admitted that it sent the kits at issue to a third-party for repair without informing Carson or notifying Carson that it would expect Carson to cover the repair costs. DeGroot Decl., Ex. 1 at 43:14-45:9, 56:11-23 and Ex. 7. Thus, regardless of ATN's claims that the kits were defective, ATN accepted the kits under section 2606(c).

### 2. ATN Never Revoked Its Acceptance

ATN also had the option of revoking its acceptance of the kits, but never exercised that option. Revocation will not be effective until the buyer actually notifies the seller. Cal. Com. Code § 2608(2). The revoking buyer must notify the seller of its intent to revoke acceptance. *See, e.g.*, *U.S. Roofing, Inc. v. Credit Alliance Corp.*, 228 Cal. App. 3d 1431, 1439 (1991); *S & R Metals, Inc. v. C. Itoh & Co. (Am.)*, 859 F.2d 814, 815 (9th Cir. 1988); *CPC Int'l, Inc.*, 660 F. Supp. at 1514.

ATN admittedly never revoked its acceptance. Although ATN contends that it "felt" it could not return the kits to Carson, Mr. Munn admitted that ATN never asked Carson if they could return the kits and that Carson never gave any indication that they would not accept a return of the remaining kits. DeGroot Decl., Ex. 1 at 118:14-120:14. Furthermore, ATN had

1  made partial returns of some kits, so ATN knew it had the option to revoke its acceptance of the

2  kits.  Because ATN accepted the 553 kits and never revoked its acceptance, ATN is liable for the

3  contract price of those kits and breached the contract by refusing to pay for them.

4  **C.  Issue #1 – There Is No Dispute That ATN Is Liable To Pay For 463 Kits It Accepted**

5  **From Carson**

6  Of the 880 PVS-7D kits and 10 PVS series 3x Afocal lenses at issue, ATN received

7  and did not return 463 PVS-7D kits and all 10 lenses. *See* Section II.A and II.B, above. The

8  contract price for the PVS-7D goggle kits is $599.45 and the contract price for the lenses is

9  $325.00. *Id.* Because ATN accepted these units and neither revoked its acceptance of the them or

10  returned them, it is liable for a total of $280,795.35. Carson requests that the Court grant Carson's

11  motion for summary adjudication as to Issue #1.

12  **D.  Issue #2 – There Is No Material Dispute That ATN Is Liable To Pay For An**

13  **Additional 90 Kits It Accepted From Carson**

14  ATN has contended that it did not receive 90 kits that Carson's records show were

15  shipped. *See* Section II.A and II.B, above. ATN bases its position on alleged confusion over two

16  shipments made by Carson, one of 100 units and another of 90 units. ATN's Munn claimed that

17  ATN did not pay for 190 units because it only received 100, not 190, between these two invoices.

18  DeGroot Decl., Ex. 1 at 12:21-13:15.

19  There is no material dispute regarding this issue because ATN paid for both of the

20  shipments in questions. Barrett Decl., Exs. 5-8 (packing slips, invoices and payment records for

21  the 190 units in question). ATN's payments show there is no material dispute regardless of ATN's

22  current assertion that it did not receive 90 kits. Thus, Carson requests that the Court grant

23  summary adjudication of Issue #2 and find ATN liable for an additional 90 PVS-7D kits totaling

24  $53,950.50.

25

26

27

28

1    **E.  Issue #3 – ATN Is Liable For Those Portions of Kits Where Only Some Components**

2        **Were Returned**

3        Finally, ATN is liable for those portions of PVS-7D kits that it did not return. ATN

4    made partial returns of 327 kits, net.[3] Barrett Decl., Ex. 9. ATN has been given a credit of

5    $75,778.98 for those components that it did return.  Barrett Decl., ¶ 3.  Carson requests that the

6    Court grant its motion for summary adjudication as to Issue #3 regarding ATN's liability for those

7    components that it did not return from kits ATN partially returned. The amount of Carson's

8    damages would be determined at trial.

9                              **IV. <u>CONCLUSION</u>**

10        For the foregoing reasons, Carson requests that its motion for summary

11    adjudication be granted.

12    Dated:  July 24, 2015

13                              Respectfully submitted,

14                              SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

15

16                    By    _____
                                    */s/ David A. DeGroot*
17                                  DAVID A. DeGROOT
                                    Attorneys for Plaintiff
18                                  CARSON INDUSTRIES, INC.

19

20

21

22

23

24

25

26    _____

27    [3]    ATN's contention that it made  more returns is simply a double-counting error by ATN.
      DeGroot Decl., Ex. 1 at 87:25-88:25. Carson provided contemporaneous figures of ATN's
28    returns. DeGroot Decl., Ex. 3. ATN never questioned these figures.

**EXHIBIT 16**

Page: 1

**American Technologies Network Corp.**
**Detail Purchase Order Receipts**
**Current and History File Ordered by PO Number**
**Vendor = CARSIN  After 03/01/09**

| PO Number | Item | | Description | | Req Date | Qty Recd | Recd Value | Account |
|---|---|---|---|---|---|---|---|---|
| Vendor | Vendor P/N | U/M | | Bin | Rec Date | Trn Unit | | |
| **Location:  SANMAT** | | | | | | | | |
| ** Purchase Order => 11120 | | | | | | | | |
| 11120 | COBDPVS7 | EACH | Body: PVS-7, w/ Nylon Case, Accessories Pack, & | | 10/29/09 | 10 | 8840.00 | 114101 |
| CARSIN | CK0720 | | | CA13A | 01/13/10 | | | |
| | | | | | Subtotal: | 10 | 8840.00 | |
| ** Purchase Order => 11121 | | | | | | | | |
| 11121 | COBDPVS7 | EACH | Body: PVS-7, w/ Nylon Case, Accessories Pack, & | | 11/20/09 | 498 | 339072.00 | 114101 |
| CARSIN | CK0720 | | | CA13A | 02/08/10 | | | |
| | | | | | Subtotal: | 498 | 339072.00 | |
| ** Purchase Order => 11122 | | | | | | | | |
| 11122 | COBDPVS7 | EACH | Body: PVS-7, w/ Nylon Case, Accessories Pack, & | | 01/20/10 | 502 | 343368.00 | 114101 |
| CARSIN | CK0720 | | | CA13A | 06/11/10 | | | |
| | | | | | Subtotal: | 502 | 343368.00 | |
| ** Purchase Order => 11266 | | | | | | | | |
| 11266 | COBDPVS7 | EACH | error in receiv 2/8/10  po 11121 | | 02/08/10 | -26 | -17784.00 | 114101 |
| CARSIN | CK0720 | | | CA13A | 02/08/10 | | | |
| | | | | | Subtotal: | -26 | -17784.00 | |
| ** Purchase Order => 11268 | | | | | | | | |
| 11268 | COBDPVS7 | EACH | error  po 11266 | | 02/08/10 | 26 | 16094.00 | 114101 |
| CARSIN | CK0720 | | | CA13A | 02/06/10 | | | |
| | | | | | Subtotal: | 26 | 16094.00 | |
| ** Purchase Order => 11453 | | | | | | | | |
| 11453 | COBDPVS7 | EACH | Body: PVS-7, w/ Nylon Case, Accessories Pack / no | | 06/10/10 | 410 | 245774.50 | 114101 |
| CARSIN | CK0720 | | | CA13A | 01/05/11 | | | |
| | | | | | Subtotal: | 410 | 245774.50 | |
| ** Purchase Order => 11508 | | | | | | | | |
| 11508 | COBDPVS7 | EACH | Body: PVS-7, w/ Nylon Case, Accessories Pack, (no | | 07/08/10 | -78 | -50854.26 | 114101 |
| CARSIN | CK0720 | | | CA13A | 07/08/10 | | | |
| | | | | | Subtotal: | -78 | -50854.26 | |
| ** Purchase Order => 11528 | | | | | | | | |
| 11528 | COBDPVS7 | EACH | Body: PVS-7, w/ Nylon Case, Accessories Pack, (no | | 07/19/10 | 78 | 46282.00 | 114101 |
| CARSIN | CK0720 | | | CA13A | 07/19/10 | | | |
| | | | | | Subtotal: | 78 | 46282.00 | |
| ** Purchase Order => 11533 | | | | | | | | |
| 11533 | COBDPVS7 | EACH | Body: PVS-7, w/ Nylon Case, Accessories Pack, (no | | 08/30/10 | 500 | 299725.00 | 114101 |
| CARSIN | CK0720 | | | CA13A | 10/22/10 | | | |
| | | | | | Subtotal: | 500 | 299725.00 | |
| ** Purchase Order => 11542 | | | | | | | | |
| 11542 | COBDPVS7 | EACH | Body: PVS-7, w/ Nylon Case, Accessories Pack, (no | | 08/28/10 | 1000 | 599450.00 | 114101 |
| CARSIN | CK0720 | | | CA13A | 12/30/10 | | | |
| | | | | | Subtotal: | 1000 | 599450.00 | |
| ** Purchase Order => 11543 | | | | | | | | |

103014

Page: 2

American Technologies Network Corp.
Detail Purchase Order Receipts
Current and History File Ordered by PO Number
Vendor = CARSIN  After 03/01/09

| PO Number | Item | | Description | | Req Date | Qty Recd | Recd Value | Account |
|---|---|---|---|---|---|---|---|---|
| Vendor | Vendor P/N | U/M | | S/n | Rec Date | Trn Unit | | |
| ** Purchase Order => 11543 | | | | | | | | 114101 |
| 11543 | COBDPVS7 | EACH | Body: PVS-7, w/ Nylon Case, Accessories Pack, (no | | 12/29/10 | 500 | 299725.00 | |
| CARSIN | CK0720 | | | CA13A | 01/05/11 | | | |
| | | | | Subtotal: | | 500 | 299725.00 | |
| ** Purchase Order => 11738 | | | | | | | | 114101 |
| 11738 | COBDPVS7 | EACH | Body: PVS-7, w/ Nylon Case, Accessories Pack, (no | | 12/08/10 | -36 | -21531.02 | |
| CARSIN | CK0720 | | | CA13A | 12/08/10 | | | |
| | | | | Subtotal: | | -36 | -21531.02 | |
| ** Purchase Order => 11843 | | | | | | | | 114901 |
| 11843 | ACMPPVSXL3A | EACH | PVS Series 3x Afocal Lens | | 03/11/11 | 10 | 3250.00 | |
| CARSIN | A3256391 | | TJ11A | CA23A | 03/22/11 | | | |
| | | | | Subtotal: | | 10 | 3250.00 | |
| ** Purchase Order => 11893 | | | | | | | | 114101 |
| 11893 | COBDPVS7 | EACH | Body: PVS-7, w/ Nylon Case, Accessories Pack, (no | | 04/21/11 | -10 | -5995.72 | |
| CARSIN | CK0720 | | CC11A | CA13A | 04/21/11 | | | |
| | | | | Subtotal: | | -10 | -5995.72 | |
| ** Purchase Order => 11943 | | | | | | | | 114101 |
| 11943 | COBDPVS7 | EACH | Body: PVS-7, w/ Nylon Case, Accessories Pack, (no | | 08/03/11 | -242 | -145086.90 | |
| CARSIN | CK0720 | | CA14A | CA13A | 08/03/11 | | | |
| | | | | Subtotal: | | -242 | -145086.90 | |
| ** Purchase Order => 12007 | | | | | | | | 114101 |
| 12007 | COBDPVS7 | EACH | Body: PVS-7, w/ Nylon Case, Accessories Pack, & | | 07/19/11 | -100 | -61900.00 | |
| CARSIN | CK0720 | | CA14A | CA13A | 07/25/11 | | | |
| | | | | Subtotal: | | -100 | -61900.00 | |
| ** Purchase Order => 12275 | | | | | | | | 114101 |
| 12275 | COBDPVS7 | EACH | Body: PVS-7, w/ Nylon Case, Accessories Pack, & | | 02/09/12 | -41 | -25379.00 | |
| CARSIN | CK0720 | | | CA13A | 02/10/12 | | | |
| | | | | Subtotal: | | -41 | -25379.00 | |
| | | | Location: SANMAT | Subtotal: | | 3001 | 1873089.58 | |
| | | | | Report Total: | | 3001 | 1873089.58 | |

103015