JOHN J. HARTFORD/50714
Attorney at Law
1423 Avondale Road
Hillsborough, CA 94010
Tel.: 650/445-9365
Fax: 650/560-6363
Email: johnjhartford@yahoo.com

Attorney for Defendant
AMERICAN TECH. NETWORK CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARSON INDUSTRIES INC., <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN TECH. NETWORK CORP. ET AL, <br><br> Defendant. | NO. C 14-01769 NC <br><br> **DECLARATION OF JOHN J. HARTFORD IN OPPOSITION TO MOTION IN LIMINE NO. 7** |

I, John J. Hartford, declare:

1. I am an attorney duly licensed to practice in California and am counsel of record for AMERICAN TECH. NETWORK CORP. (hereinafter "ATN"), Defendant herein.

2. I am over eighteen years of age and have personal knowledge of the facts stated herein. If called upon to do so, I could and would testify competently thereto.

3. On September 30, 2015, at the Pretrial Conference herein, counsel for Plaintiff filed with the court a series of motions in limine seeking to preclude Defendant from introducing admissible evidence at trial and essentially seeking to deprive Defendant of its right to have disputed issues of

fact tried by a jury.

4. As a result, the Court ordered Defendant to file by 5:00 p.m. on Friday, October 2, 2015, its opposition to Plaintiff's motion in limine No. 7, which was unsupported by any evidence whatsoever, and a statement factually defending its constitutional right to have a disputed issue of fact of how many units of defective product Defendant returned to Plaintiff during the parties' business relationship, which Defendant contends to be an *ultra vires* act of the Court impermissibly engaging in fact-finding and thus usurping the role of the jury to Defendant's prejudice.

5. Moreover, the Court ordered Defendant to prove a negative, that it did not receive the units Plaintiff claims it sent. Plaintiff is the only party who may have access to a proof of shipment because Plaintiff did not use Defendant's account for the disputed shipment in the unlikely event it was ever made, and failed to produce it during the discovery.

6. I do not receive my email on my telephone, and I do not have regular access to the internet because I live in a rural area of the Tehama County.

7. On October 2, 2015, I was on the road stuck in heavy Friday afternoon traffic at approximately 3:00 p.m. after asking my daughter to file for me through the ECF system Defendant's opposition to Plaintiff's unsupported motion in limine No. 7 and the factual statement in regard to the returned product, at approximately 4:00 p.m. on October 2, 2015, when James Munn, the president of ATN, promised to email his revised declaration in opposition to Plaintiff's motion.

8. At approximately 4:10 p.m. on October 2, 2015, I received a telephone call from my daughter who told me that immediately prior to attempting to file said documents through the ECF system, she discovered a document pertaining to a motion in limine which was filed herein by Carson and served on me through the ECF system by email on the afternoon of October 1, 2015, and asked me if I wanted her to proceed with filing said documents before 5:00 p.m on October 2, 2015.

9. I believe that one of the main reasons the Court granted Plaintiff's motion for summary adjudication herein as to Issue No. 1, was that Plaintiff's counsel improperly submitted for the first time in Plaintiff's reply brief in support of said motion, a legal argument which was not advanced in the original moving papers in regard to notice requirements under Commercial Code section 2717 and misled the court to rule *sua sponte* contrary to the due process requirements of FRCP Rule 56(f) on conflicting evidence pertaining to sufficiency of the notice given by Defendant to Plaintiff with regard to 880 units of defective product. The Court's ruling was based on conflicting evidence based on taken out of context portion of the deposition of James Munn presented by Plaintiff in support of its motion in regard to a completely different legal theory which Plaintiff abandoned in its reply brief.

10. Because I became concerned that if the papers Defendant was required to file by 5:00 p.m. on October 2, 2015, would fail to address any evidence or legal argument which Plaintiff made in the document it filed without leave of court on October 1, 2015, would again mislead the Court into making an erroneous evidentiary rulings infringing on Defendant's right to due process and jury trial.

11. I therefore instructed my daughter not to file said papers by 5:00 p.m. on October 2, 2015, and, after returning to Manton late at night on October 2, 2015, on October 3, 2015, proceeded to amend the papers Defendant was required to file on October 2, 2015.

12. Consequently, said papers are being filed today, on October 3, 2015.

13. It is important to mention that on many occasions I informed Plaintiff's counsel of my limited access to the internet and requested that if Plaintiff performs any acts herein which are time-sensitive, to warn me by telephone in that regard, which Plaintiff's counsel has followed on a number of occasions, predominately when a prompt notice was in Plaintiff's interest.

NO. C 14-01769 NC
**DECLARATION OF JOHN J. HARTFORD IN OPPOSITION TO MOTION IN LIMINE NO. 7**
3

14. It is Defendant's contention that filing evidence in support of its unsupported motion without leave of court one day before the deadline for Defendant to respond without a warning appropriate under the circumstances has been prejudicial to Defendant.

15. It appears that many difficulties experienced by Defendant herein resulting in prejudice to Defendant are the result of unusual power of persuasion possessed by Plaintiff's counsel who is able to convince the Court to order Defendant to prove a negative in opposition to a dispositive motion[1] in limine unsupported by any evidence and marshal its trial evidence through informal process intended to be dispositive as well.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 3, 2015, at Manton, California.

/s/ *John J. Hartford*
JOHN J. HARTFORD

---

[1] Requiring Defendant's counsel to conduct an equivalent of multiple forensic examinations in opposition to Plaintiff's improper motion unsupported by any evidence following Plaintiff's obvious failure to make mandatory disclosures during the discovery of the information otherwise unavailable to Defendant.

NO. C 14-01769 NC
**DECLARATION OF JOHN J. HARTFORD IN OPPOSITION TO MOTION IN LIMINE NO. 7**
4