UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CARSON INDUSTRIES, INC.,

            Plaintiff,

      v.

AMERICAN TECHNOLOGY
NETWORK, CORP.,

            Defendant.

Case No. 14-cv-01769 NC

**ORDER GRANTING PLAINTIFF'S
SUPPLEMENTAL MOTION FOR
SUMMARY JUDGMENT**

Re: Dkt. No. 116

      In this contract dispute over payment for night vision goggle kits, plaintiff Carson moves for summary judgment on the remainder of the disputed transactions in the case. Because defendant ATN has not presented evidence to create a triable issue of material fact as to Carson's claims or its own proposed counterclaims, and instead openly states its strategic decision not to litigate in front of this Court but instead to seek appellate review, the Court GRANTS Carson's motion for summary judgment.

**I.    BACKGROUND**

      This case is about the sale of night vision goggle kits between two parties, Carson Industries Inc. and American Technology Network Corp.  Carson sold night vision goggle kits to ATN.  Carson shipped 880 goggle kits to ATN in December 2010.  The price of the kits was $599.45 per unit.  The parties agree that ATN paid $50,000 for the goggle kits. ATN returned parts of some of the goggle kits to Carson, asserting that the goggles were defective.

Case No. 14-cv-01769 NC

The Court granted partial summary judgment to Carson on its sale to ATN of 463 goggle kits and 10 lenses in the total amount of $280,795.35, "because ATN did not give Carson notice of breach." Dkt. No. 81, 9/25/2015 order. Subsequently, the Court granted summary judgment in favor of Carson on ATN's counterclaim asserting that ATN paid for but did not receive 90 goggle kits in September 2010. Dkt. No. 103, 10/6/2015 order.

The remaining issues are as follows. First, there is a dispute about the number of kits that ATN returned to Carson. *See* Dkt. No. 111 at 2, 10/9/2015 order Defining Issues to Be Tried And Setting Briefing Schedule. Carson claims that ATN returned parts of 327 kits to Carson. *Id*. ATN claims that it returned parts of 419 kits to Carson.

Second, there is a dispute over the value of the parts of the kits that ATN returned and did not return to Carson. Carson credited $75,778.98 to ATN for the parts of the returned kits. As to the 327 goggle kits it says ATN returned, Carson claims that ATN still owes $120,241.17 [$196,020.15 minus $75,778.98]. Therefore, the total contract damages that Carson still seeks from ATN is $120,241.17, plus interest. *Id*.

On the other hand, ATN denies that it owes Carson any money for the partially returned goggle kits. ATN has filed a counterclaim against Carson.

First, ATN asserts that the goods provided by Carson were defective, so Carson breached the warranty and is not entitled to payment from ATN on the 419 kits ATN says it returned. Second, ATN claims that it is entitled to damages of a still unknown amount as an offset for the losses it suffered in repairing the defective goggle kits. Carson denies that ATN is entitled to damages as an offset.

In the October order granting summary judgment solely as to 90 goggle kits ATN claimed it paid for but did not receive, the Court stated, "the Court finds that ATN both received and paid for the goods it ordered. Finally, while ATN has not presented admissible facts to rebut summary judgment, it has made repeated arguments that the evidence presented by Carson is fraudulent . . . In the absence of a genuine factual dispute, summary judgment is appropriate." *Id*. at 2. The Court therefore granted partial summary judgment in favor of Carson and against ATN on ATN's counterclaim that it paid for but

United States District Court
Northern District of California

did not receive 90 goggle kits referenced in invoice number 3245 in September 2010. *Id.* The Court also set a briefing schedule on the current supplemental motion for summary judgment by Carson. Dkt. No. 111. Carson filed its motion as scheduled. Dkt. No. 116. ATN's opposition was due October 23. ATN did not filed a response, a statement of non-opposition, or a motion requesting leave to modify the schedule. The Court accordingly issued an order to show cause on October 27, warning ATN that if it did not respond by October 28, it was forewarned that the Court may grant Carson's motion. Dkt. No. 119 at 1. On November 2, 2015, ATN filed a motion for leave to file a late opposition to Carson's supplemental motion for summary judgment as well as 13 Exhibits related to ATN's need for more time, an opposition brief, and proffered evidence to support its claims. Dkt. No. 123, Exhibits 1-13.

ATN also failed to identify the evidence (expected witness testimony and proposed trial exhibits) to support its proposition that it returned 419 (rather than 327) goggle units to Carson, as required by October 23. Dkt. No. 119 at 1. Because no response had been filed by October 27, the Court gave ATN the opportunity to respond by October 28 or run the risk of having its evidence excluded. *Id.* Currently before the Court are Carson's motion for summary judgment on the remainder of the case and the November 2 filings that ATN considered responsive to Carson's motion and the Court's October 27 order to show cause.

## II.   LEGAL STANDARD

Summary judgment may be granted only when, drawing all inferences and resolving all doubts in favor of the nonmoving party, there is no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a); *Tolan v. Cotton*, 134 S. Ct. 1861, 1863 (2014); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Bald assertions that genuine issues of material fact exist are insufficient. *Galen v. Cnty. of*

1   *L.A.*, 477 F.3d 652, 658 (9th Cir. 2007).

2       The moving party bears the burden of identifying those portions of the pleadings,

3   discovery, and affidavits that demonstrate the absence of a genuine issue of material fact.

4   *Celotex*, 477 U.S. at 323. Once the moving party meets its initial burden, the nonmoving

5   party must go beyond the pleadings, and, by its own affidavits or discovery, set forth

6   specific facts showing that a genuine issue of fact exists for trial. Fed. R. Civ. P. 56(c);

7   *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1004 (9th Cir. 1990) (citing *Steckl v.*

8   *Motorola, Inc.*, 703 F.2d 392, 393 (9th Cir. 1983)). All justifiable inferences, however,

9   must be drawn in the light most favorable to the nonmoving party. *Tolan*, 134 S. Ct. at

10  1863 (citing *Liberty Lobby*, 477 U.S. at 255).

## III. DISCUSSION

12      Following the Court's previous orders granting summary judgment in favor of

13  Carson on (1) Carson's sale to ATN of 463 goggle kits and 10 lenses in the total amount of

14  $280,795.35, and (2) on ATN's counterclaim that it paid for but did not receive 90 goggle

15  kits referenced in invoice number 3245 in September 2010, Carson now moves for

16  summary judgment on the remainder of the disputed transactions in the case. Specifically,

17  Carson seeks: "(1) an order adjudicating in Carson's favor ATN's counterclaim for

18  $230,000 for its alleged repair costs for 920 goggle kits at $250 per unit; (2) for avoidance

19  of doubt, an order confirming that Carson is entitled to payment on all 880 goggle kits it

20  shipped to ATN on December 15, 2010 and invoiced ATN for $527,516 on December 17,

21  2010, invoice number 3402; and (3) an order that there is no triable issue as to ATN's

22  remaining counterclaim for $50,000, because the $50,000 ATN paid in February 2012 was

23  credited to invoice number 3402 for the 880 units." Dkt. No. 116 at 2.

### A.  Carson's Contract Claim

25      This Court has granted summary judgment for Carson on its sale to ATN of 463

26  goggle kits and 10 lenses in the total amount of $280,795.35 because Carson produced

27  admissible evidence that ATN contracted to purchase the goods and accepted them without

28  returning them. Dkt. No. 103. Carson now moves for summary judgment on the

United States District Court
Northern District of California

1  "remainder of the 880 shipment of kits, for a total liability of $527,516, plus prejudgment

2  interest, less payments and credits."  Dkt. No. 116 at 2.

3      ATN does not argue that it did not receive these goods.  The Court's order granting

4  Carson's earlier motion for partial summary judgment makes clear that without rejecting

5  the goods or providing notice that it found the goods deficient, ATN is not excused from

6  paying for them.  Dkt. No. 81 at 9 ("defenses and counterclaims as to the 463 kits and 10

7  lenses fail as a matter of law because ATN did not give Carson notice of breach").

8      Following its order granting Carson's motion for partial summary judgment as to

9  the 463 goggle kits and 10 lenses at docket 103, the Court issued an order Defining Issues

10  to Be Tried And Setting Briefing Schedule.  *See* Dkt. No. 111 at 2, 10/9/2015 order.  In the

11  order, the Court explained that "the total contract damages that Carson seeks from ATN is

12  $120,241.17," because "Carson credited $75,778.98 to ATN for the parts of the returned

13  kits.  As to the 327 goggle kits it says ATN returned, Carson claims that ATN still owes

14  $120,241.17 [$196,020.15 minus $75,778.98]."  *Id*.

15      The Court also ordered ATN to identify "the evidence (expected witness testimony

16  and proposed trial exhibits) that support the proposition that it returned 419 (rather than

17  327) goggle units to Carson."  *Id*. at 3.  ATN has failed to produce evidence that it returned

18  419 goggle kits or the value of the parts of the kits it returned, and the Court accordingly

19  GRANTS Carson's motion for summary judgment on its claims for the remaining

20  $120,241.17.  Dkt. No. 111 at 2.

21  **B.    ATN's Counterclaims**

22      Carson also moves for summary judgment on ATN's two declared counterclaims.

23  First, Carson requests that "the Court issue an order denying ATN's counterclaim for a

24  $230,000 offset for alleged repairs of 920 goggle kits by Hitek International."  Dkt. No.

25  116 at 8.  ATN's counsel suggested at a hearing on October 7, 2015, before the Court that

26  ATN did not return the 880 units because "Carson insisted that we get an RMA number

27  and that they had to agree to pay for the cost of the return before we shipped them."

28  DeGroot Decl., Ex. 2 at 22:11-19.  However, ATN has not provided admissible evidence

United States District Court
Northern District of California

1    to support this assertion.  Moreover, Carson puts forward evidence that "ATN's Munn

2    specifically contradicted it when he testified that ATN never asked to return these units

3    and was never told that they could not return the units." *Id.*; *see* DeGroot Decl., Ex. 1 at

4    118:25-119:10 and 120:15-121:3.

5            Second, Carson requests summary judgment against ATN on ATN's claim for

6    $50,000 for a payment ATN made towards the goggle kits.  Dkt. No. 116 at 2.  ATN's

7    counsel stated at the October 7, 2015 hearing that ATN had two affirmative claims, one for

8    $230,000 in alleged repair costs and one for return of the $50,000 payment it made.

9    DeGroot Decl., Ex. 2 at 32:7-11 and 42:5-15.  Carson argues that there is no remaining

10   issue "because Carson has already credited ATN's February 2012 payment of $50,000

11   against the overdue invoice number 3402 toward the 880 units." Dkt. No. 116 at 8.

12   Accordingly, "ATN would not be entitled to recover that payment again, because it already

13   received a credit for money it actually owed.  Thus, ATN would have no damages on its

14   remaining counterclaims because the only damages it asserts is for the return of that

15   payment." *Id.*  Carson argues that because it already credited the $50,000 payment to

16   ATN's overdue balance, there is no live dispute for trial. *Id.*  The Court agrees with

17   Carson.

18           ATN has responded with a series of emergency requests for stays and continuances.

19   *See* Dkt. Nos. 120, 23, 124, 130, 134, 138.  ATN did file an opposition to Carson's

20   supplemental motion for summary judgment, which is filed as Exhibit 2 to a motion for an

21   extension of time to file a response.  *See* Dkt. 123-2.  In the opposition, ATN directs the

22   Court to various inapposite cases and attempts to reargue that it sufficiently revoked the

23   880 kits, but does not present admissible evidence that could cause a reasonable jury to

24   find in its favor at trial.  Dkt. No. 123, 123-2.

25           Additionally, John Hartford, attorney for ATN, has filed multiple notices stating his

26   inability to attend a scheduled settlement conference and the pretrial conference,

27   requesting a continuance of trial, stating that he does not have access to a working

28   telephone or the internet, and stating that he is not "able to prepare and file any more

documents herein, though it is important for Defendant to file a series of motions to vacate or modify various orders and file a motion for sanctions." Dkt. Nos. 124 at 7; 138. In an emergency declaration, Hartford also stated that his client "decided that it was futile to oppose the supplemental motion for summary judgment." Dkt. No. 124 at 3.

ATN's decision not to oppose Carson's latest motion for summary judgment is premised on "the fact that the Court did not vacate its original order granting partial summary judgment to Plaintiff on Issue #1. As a result, any legal argument to be presented by Defendant with regard to the notice requirements of UCC Sections 2-607 and 2-717 would be futile because Plaintiff's legal argument in support of the supplemental motion is predetermined by the Court's prior ruling while exposing Defendant to larger damages." *Id*. at 3-4. As such, ATN concedes that much of this case has been resolved in Carson's favor already. ATN goes on to object to the Court's previous ruling, *see* docket 103, as violating ATN's "right to due process that is analogous to issuing a default judgment exceeding the amount requested in a complaint . . . [also,] allowing Plaintiff to file a supplemental motion for summary judgment is too indefinite in violation of Defendant's right to due process, which has resulted in Plaintiff's definition of issues presented by its supplemental motion for summary judgment to be unintelligible." Dkt. No. 124 at 4; *see also* Dkt. No. 123-1 at 4 (Declaration of Marc Vayn) (describing this Court's orders as "an unbroken chain of rulings which were one-sided in favor of Plaintiff and revealed such a degree of favoritism to Plaintiff and/or its counsel as to make fair judgment impossible for Defendant").

As a result, ATN's stated strategy is that "opposing the supplemental motion for summary judgment would be futile and [instead ATN will] rely on the court of appeal in the likely event the supplemental motion is granted." Dkt. No. 124 at 4. ATN goes on to describe this Court's treatment of the parties as "not evenhanded but arbitrary and one-sided," and states that it will "give this Court an opportunity to demonstrate its ability to overcome any prejudice it may have against Defendant by presenting to the Court the evidence and legal arguments which would enable the Court to reconsider its rulings and

1    correct errors, if any, regardless of what happened in prior proceedings." *Id*. at 6.

2        As the nonmoving party, it is ATN's responsibility to go beyond the pleadings, and,

3    by its own affidavits or discovery, set forth specific facts showing that a genuine issue of

4    fact exists for trial. Fed. R. Civ. P. 56(c). ATN has made clear its strategy to decline to

5    oppose Carson's motion for summary judgment. ATN states, "[u]nder the circumstances,

6    it seemed that having a new erroneous order on the supplemental summary judgment

7    motion would bring Defendant closer to a successful appeal." Declaration of Marc Vayn

8    at 4. While ATN has been reluctantly "convinced to give this Court an opportunity to

9    reverse itself . . . [q]uite honestly, [ATN has] no reason yet to trust this Court will change

10   its prejudice to Defendant." *Id*. at 4-5. Because the filings by ATN have been

11   unresponsive to the Court's orders to produce evidence it intends to put on at trial, it has

12   failed to set forth a triable issue of material fact left in this case. Its inability or

13   unwillingness to bring forward evidence to support its claims leads to the conclusion that

14   ATN apparently seeks: judgment in favor of Carson, which ATN may appeal.

15       In sum, ATN has not presented facts establishing a material dispute in regards to

16   Carson's claim for the remaining $120,241.17, or for ATN's stated counterclaims that it is

17   entitled to (1) $230,000 for its alleged repair costs for 920 goggle kits at $250 per unit and

18   (2) $50,000 that ATN paid to Carson in February 2012. Accordingly, the Court GRANTS

19   Carson's motion for summary judgment as to all three claims.

20       This is the Court's third and final summary judgment order in this case. Carson has

21   successfully moved for $280,795.35. Dkt. No. 81. The Court then narrowed the

22   remaining issues in the case for trial, including the remaining contract claim for Carson of

23   $120,241.17. Dkt. No. 111 at 2. Carson's present motion for summary judgement

24   presents evidence to support its contract claim for the remainder of the case that would

25   have been presented at trial. However, it does not give evidence of a contractual term for

26   prejudgment interest or propose what prejudgment interest should be. Therefore, the final

27   judgment award for Carson will be $401,036.52. ATN is not entitled to judgment on any

28   of its counterclaims. The Court hereby terminates the case and orders the clerk of court to

*United States District Court*
*Northern District of California*

1    enter final judgment.

2

3    **IT IS SO ORDERED.**

4

5    Dated:  December 24, 2015

6                                                      NATHANAEL M. COUSINS
                                                       United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28