UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARSON INDUSTRIES, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AMERICAN TECHNOLOGY NETWORK, CORP.,<br><br>　　　　Defendant. | Case No. 14-cv-01769 NC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND JUDGMENT TO ADD PREJUDGMENT INTEREST**<br><br>Re: Dkt. No. 144 |

### I.   INTRODUCTION

In this contract dispute over payment for night vision goggle kits, plaintiff Carson moves to amend the judgment to add prejudgment interest pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). Because the judgment amount was ascertainable and therefore sufficiently certain under California Civil Code § 3287, the Court GRANTS Carson's motion to add prejudgment interest.

### II.   STATEMENT

This case is about the sale of night vision goggle kits between two parties, Carson Industries Inc. and American Technology Network Corp. Carson sold night vision goggle kits to ATN. Carson shipped 880 goggle kits to ATN in December 2010 and the kits arrived on December 17, 2010. Dkt. No. 63-1 at 3, 4 (Exhibits 3 and 4; invoice and purchase order with date stamp).

The Court granted partial summary judgment to Carson on its sale to ATN of 463

Case No. 14-cv-01769 NC

1  goggle kits and 10 lenses in the total amount of $280,795.35, "because ATN did not give
2  Carson notice of breach." Dkt. No. 81, 9/25/2015 order. Subsequently, the Court granted
3  summary judgment in favor of Carson on ATN's counterclaim asserting that ATN paid for
4  but did not receive 90 goggle kits in September 2010. Dkt. No. 103, 10/6/2015 order.

5  Finally, the Court granted summary judgment to Carson on the remainder of the
6  case, which was comprised of "Carson's claim for the remaining $120,241.17, or for
7  ATN's stated counterclaims that it is entitled to (1) $230,000 for its alleged repair costs for
8  920 goggle kits at $250 per unit and (2) $50,000 that ATN paid to Carson in February
9  2012." Dkt. No. 142, 12/24/2015 order.

10  On December 24, 2015, the Court entered judgment in Carson's favor for
11  $401,036.52. Dkt. No. 143.

## III. STANDARD OF REVIEW

Carson moves for amendment of the judgment under Federal Rules of Civil Procedure 59(e) and 60(b). Rule 59(e) requires Carson to move for amendment within 28 days after entry of judgment. Rule 60(b) provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b).

Here, Carson discussed the topic of prejudgment interest with the Court during the pretrial conference, but failed to put an argument for prejudgment interest in its motion for summary judgment. Dkt. Nos. 116, 144 at 4. Under Rule 60(b)(1), Carson must show mistake or excusable neglect in order for the Court to amend the judgment to include prejudgment interest. As discussed below, the Court finds that Carson's failure was excusable neglect and grants Carson's motion because the prejudgment figure was ascertainable and proper under California state law.

## IV. ANALYSIS

### A. Certainty Under California Civil Code § 3287

In federal diversity actions, state law determines whether a party may recover prejudgment interest. *In re Exxon Valdez,* 484 F.3d 1098, 1101 (9th Cir. 2007). California

United States District Court
Northern District of California

Civil Code § 3287 provides:
> (a) Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor from paying the debt. This section is applicable to recovery of damages and interest from any such debtor, including the state or any county, city, city and county, municipal corporation, public district, public agency, or any political subdivision of the state.
> (b) Every person who is entitled under any judgment to receive damages based upon a cause of action in contract where the claim was unliquidated, may also recover interest thereon from a date prior to the entry of judgment as the court may, in its discretion, fix, but in no event earlier than the date the action was filed.

Cal. Civ. Code § 3287.

The test for determining certainty is whether the opposing party "actually know[s] the amount owed or from reasonably available information could [] have computed that amount. Only if one of those two conditions is met should the court award prejudgment interest." *Chesapeake Indus., Inc. v. Togova Enters., Inc.,* 149 Cal. App. 3d 901, 907 (1983). "This requirement reflects a general belief that a defendant should not be required to pay a penalty on a sum he could not ascertain prior to judgment." *Minor v. Christie's Inc.*, No. 08-cv-05445 WHA, 2010 WL 2891599, at *2 (N.D. Cal. July 22, 2010).

Here, ATN could ascertain the amount that Carson sought to recover prior to judgment. Carson's complaint alleged that "[o]n or about December 17, 2010, ATN became indebted to Plaintiff in the sum of $404,987.02 for goods and services sold to ATN, net of credits and/or partial payments." Dkt. No. 2 at 3. Each of the Court's summary judgment orders and its order clarifying issues for trial set out the claims Carson brought against ATN and the counterclaims ATN brought against Carson. *See* Dkt. Nos. 81, 111, 142.

ATN has disputed its liability throughout the case. In opposition to the present motion, ATN claims that a grant of prejudgment interest would violate its due process rights because it was not on sufficient notice of the judgment award. Dkt. No. 149. However, "[a] defendant's denial of liability does not make damages uncertain for

Case No. 14-cv-01769 NC    3

purposes of Civil Code section 3287." *Cataphora Inc. v. Parker*, 848 F. Supp. 2d 1064, 1072-75 (N.D. Cal. 2012). The question is whether ATN had notice of what penalties it would endure if it lost at trial. *Minor v. Christie's Inc.*, 2010 WL 2891599, at *2. Because ATN could ascertain this sum before judgment, prejudgment interest on the $401,036.52 judgment is sufficiently certain under § 3287.

### B. Rate of Interest Under California Civil Code § 3289

Unless specified in the contract, the rate of interest is ten percent per annum from the date of breach. Cal. Civ. Code § 3289. Given that the contract does not specify the interest rate, the default rate applies.

### C. Date of The Breach From Which Prejudgment Interest Ran

Although the interest rate is statutorily applied, the Court must still ascertain the date of the breach in order to calculate prejudgment interest. Here, the goggle kits were delivered on December 17, 2010. *See* Dkt. No. 63-1 at 3 (Exhibits 3 and 4; invoices dated December 17, 2010). The purchase order contains a box entitled "Payment Terms" with the statement "net 10 days." *Id*. at Exhibit 3. Under the terms of the contract, the breach occurred when the 10 day term expired and the invoice remained unpaid. As such, Carson is entitled to prejudgment interest at a rate of ten percent from the date of breach on December 27, 2010, until the date of the judgment entered on December 24, 2015.

### D. Calculating Prejudgment Interest

In *CMA CGM, S.A. v. Waterfront Container Leasing Co., Inc.*, No. 12-cv-05467 JSC, 2014 WL 4313026, at *8 (N.D. Cal. Aug. 29, 2014), Magistrate Judge Corley stated that the "formula for calculating prejudgment interest is as follows: $I = P \times r \times t$." Under the formula:

> P = the principle amount ($401,036.52) (*see* Dkt. No. 143, Final Judgment)
> r = the interest rate (10% under § 3289)
> t = the time from the breach (December 27, 2010, ten days after the December 17, 2010 delivery) to the final judgment (December 24, 2015) (Dkt. No. 143) = Four years, 11 months, and 27 days, or 4.99 years

Therefore, the appropriate computation is: $401,036.52 \times .10 \times 4.99 = \$200,117.22$ in

Case No. 14-cv-01769 NC                4

prejudgment interest.

The judgment is accordingly adjusted to include $200,117.22 in prejudgment interest for a total award of $601,153.74.

**IT IS SO ORDERED.**

Dated:  February 9, 2016                    _____
NATHANAEL M. COUSINS
United States Magistrate Judge

Case No. 14-cv-01769 NC                    5