JOHN J. HARTFORD/50714
Attorney at Law
1423 Avondale Road
Hillsborough, CA 94010
Tel.: 650/445-9365
Fax: 650/560-6363
Email: johnjhartford@yahoo.com

Attorney for Defendant
AMERICAN TECH.
NETWORK CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CARSON INDUSTRIES INC.,

Plaintiff,

v.

AMERICAN TECH. NETWORK CORP. ET AL,

Defendant.

NO. C 14-01769 NC

**DECLARATION OF QUALIFICATIONS OF PERSONAL SURETY MARC VAYN**
(CCP SECTIONS 995.520, 2015.5)

I, MARC VAYN, declare:

1. I am one of the personal sureties who executed the undertaking herein pursuant to California Code of Civil Procedure Section 995.320 in the above-entitled matter and make this declaration in support of the undertaking.

2. I am not an officer of the court or a member of the State Bar of California and am a citizen of the United States, a resident of the State of California, an owner of real property in California, and a householder within the state of California.

3. I am employed as the Chief Executive Officer of AMERICAN TECHOLOGY NETWORK CORP. a California corporation. My business address is 1341 San Mateo Avenue, South San

Francisco, California 94080. My residence address is 2885 Churchill Drive, Hillsborough, California 94010.

    4. I am worth more than the amount of the undertaking, and the personal property belonging to me situated in California qualifying me on the undertaking, as provided in California Code of Civil Procedure Sections 995.510(b) and 995.520(d), is worth $1,100,000.00 (One Million One Hundred Thousand Dollars), over and above all debts and liabilities, exclusive of property exempt from enforcement of a money judgment, which is the amount I am relying on as qualifying me on the undertaking.

    5. The property belonging to me and relied on by me as qualifying me on the undertaking consists of a Promissory Note secured by a Deed of Trust, signed and delivered on February 17, 2016, in the amount of $1,100,000.00 (One Million One Hundred Thousand Dollars), on approximately 29,500 sq. ft. two-story commercial building located at 1341-1343 San Mateo Avenue, South San Francisco, California 94080. Said building consists of approximately 65% office space and 35% industrial space. True copies of said Promissory Note and Deed of Trust are attached hereto as a collective Exhibit A and incorporated herein by reference.

    6. My best estimate of the fair market value of said note is $1,100,000.00 (One Million One Hundred Thousand Dollars). There are no charges or liens against said Promissory Note secured by said Deed of Trust known to me, of public record or otherwise. My best estimate of the present fair market value of said Promissory Note secured by said Deed of Trust being no less than $1,100,000.00 (One Million One Hundred Thousand Dollars) is based on the following facts:

    1) On February 2, 2012, Bank of America informed me that it obtained an official appraisal stating that the fair market value of said property was $4,300,000.00 (Four Million Three Hundred Thousand Dollars) at that time.

2) Based on said appraisal, Bank of America replaced all then existing financing on said property with a loan in the amount of $3,000,000 (Three Million Dollars), and a deed of trust in favor of Bank of America was executed on February 9, 2012, and recorded on February 14, 2012.

3) The following charges and/or liens presently exist on said property:

a) The deed of trust in favor of Bank of America described above. The current true balance presently owed to Bank of America on said lien is $2,595,847 (Two Million Five Hundred Ninety Five Thousand Eight Hundred Forty Seven Dollars);

b) A deed of trust in favor of James Munn securing the current balance of $125,000.00 (One Hundred Twenty Five Thousand Dollars) owed to him.

7. Consequently, the total amount of the outstanding liens on said property, excluding mine described above, is now $2,720,847.00 (Two Million Seven Hundred Twenty Thousand Eight Hundred Forty Seven Dollars). Other than the foregoing charges and/or liens, the property is not subject to any other impediments or cloud known to me on the free right of possession, use, benefit, or enjoyment.

8. My estimate of the current market value of said property is $6,000,000 to $7,000,000 and is based on the following:

1) it is common knowledge that the values of real estate in general and of commercial real estate in particular in the area have substantially and steadily increased and its available inventory has decreased between February 2012 and present;

2) current prices and inventory on commercial buildings in the area;

3) data published on the Internet demonstrating trends of steady increase in sales prices of commercial real estate in the area between 2013 and present, including but not limited to data available at http://www.loopnet.com/San-Mateo_California_Market-Trends?Trends=AskingPricesFS,SalePricesFS,NumberOfListingsFS&PropertyTypes=Industrial. A true copy of said web page is attached hereto as Exhibit B and incorporated herein by reference.

9. Even in the unlikely event that the fair market value of said property has not increased at all since February 2012, there is still sufficient equity in the property in order to support the value of the property of $1,100,000.00 (One Million One Hundred Thousand Dollars) relied on by me as qualifying me on the undertaking, aside from any other assets that I presently own.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 22, 2016, at South San Francisco, California.

By: /s/ *Marc Vayn*____
MARC VAYN

NO. C 14-01769 NC
**DECLARATION OF QUALIFICATIONS OF PERSONAL SURETY MARC VAYN**
(CCP SECTIONS 995.520, 2015.5)

4

# EXHIBIT A

DO NOT DESTROY THIS ORIGINAL NOTE: When paid, said original note, together with the Deed of Trust securing same, must be surrendered to Trustee for cancellation and retention before reconveyance will be made.

## NOTE SECURED BY DEED OF TRUST

(STRAIGHT NOTE)

$1,100,000.00 South San Francisco, California

Date: February 17, 2016

After date, for value received, I/we promise to pay to Marc Vayn, or order, at 2885 Churchill Drive, Hillsborough, California 94010, the sum of one million one hundred thousand Dollars ($1,100,000.00), together with interest payable on the unpaid principal amount from February 17, 2016, at the rate of four per cent per annum (4%), interest and principal payable on demand of the holder of this note upon a ten-day (10-day) written notice.

**Successors**

The terms and conditions of this Promissory Note shall inure to the benefit of and be binding jointly and severally upon the successors, assigns, heirs survivors and personal representatives of Borrower and shall inure to the benefit of any holder, its legal representatives, successors and assigns.

**Governing Law**

The validity, construction and performance of this Promissory Note will be governed by the laws of the State of California, excluding that body of law pertaining to conflicts of law.

Principal and interest shall be payable in lawful money of the United States. If action be instituted on this note I/we promise to pay such sum as the Court may fix as attorney's fees. This note is secured by Deed of Trust to Lana Vayn as Trustee and Marc Vayn as Beneficiary.

Signatures of Borrower(s)

Apex Commercial Holdings LLC: Marc Vayn, member — Date: February 17, 2016

Apex Commercial Holdings LLC: James Munn, member — Date: February 17, 2016

# ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of San Mateo )

On 17th Feb 2016 before me; Pervez Dinshah Irani Notary Public
(insert name and title of the officer)

personally appeared James S Mann,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature ______________________ **(Seal)**

2016-014246 CONF
2:25 pm 02/17/16 DT AS Fee: 39.00
Count of pages 4
Recorded in Official Records
County of San Mateo
Mark Church
Assessor-County Clerk-Recorder
* R 0 0 0 2 1 6 2 4 6 4 *

RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO:

March Vayn
2885 Churchill Drive
Hillsborough, CA 94010

# DEED OF TRUST AND ASSIGNMENT OF RENTS

**This Deed of Trust** is made as of February 16, 2016, by Apex Commercial Holdings LLC, as trustor ("Trustor"), to Lana Vayn, as trustee ("Trustee"), for the benefit of Marc Vayn, as beneficiary ("Beneficiary").

**Witnesseth:** That Trustor irrevocably Grants, Transfers and Assigns to Trustee in Trust, with Power of Sale, that property in San Mateo County, California described as:

Street Address of Property

1341-1343 San Mateo Avenue, South San Francisco, CA 94080

Description of Property

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF SOUTH SAN FRANCISCO, COUNTY OF SAN MATEO< STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

Parcel 34, as shown on the Map entitled "PARCEL MAP OF PERSON AND SWANSON INDUSTRIAL TRACT NO. 4, SOUTH SAN FRANCISCO, SAN MATEO COUNTY, CALIFORNIA", filed in the office of the County of San Mateo, State of California, on August 28, 1984, in Book 55 of Parcel Maps at Pages 1, 2, 3, and 4.

Joint Plant No: 015-011-112-40A and 015-011-112-62.01a

APN: 015-112-400, 015-112-760.

TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority hereinafter given to and conferred upon Beneficiary to collect and apply such rents, issues and profits.

**For the Purpose of Securing:**

1. Performance of each agreement of Trustor herein contained. 2. Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extension or renewal thereof, in the original principal sum of $ 1,100,000.00, executed by Trustor in favor of Beneficiary or order.

**Underlying Obligation:**

This is a deed of trust securing a promissory note in the original principal amount of One Million One Hundred Thousand Dollars ($1,100,000.00) (the "Note").

**To Protect the Security of This Deed of Trust, Trustor Agrees:**

(1) To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

(2) To provide, maintain and deliver to Beneficiary fire, vandalism and malicious mischief insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor.
Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice. The provisions hereof are subject to the mutual agreements of the parties as below set forth.

(3) To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed of Trust.

(4) To pay; at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; subject to the mutual agreements of the parties as below set forth, to pay when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior to superior hereto; all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, the Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may; make or do the same in such manner and to such extent as either may deed necessary

to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(5) To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

(6) That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance. The provisions hereof are subject to the mutual agreements of the parties as below set forth.

(7) That by accepting payment of any sum secured hereby after its due date, Beneficiary doe not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure to pay.

(8) That at any time from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may; reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(9) That upon written request of the Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The guarantee in such reconveyance may be described as "the person or persons legally entitled thereto." Five years after issuance of such full reconveyance, Trustee may destroy said note and this Deed unless directed in such request to retain them.

(10) That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, an without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(11) That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may be determined, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed or any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of Title in connection with sale, Trustee shall apply the proceeds of sale to payment of; all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

(12) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(13) That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledges, of the note secured hereby, whether or not named as Beneficiary herein. In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular includes the plural.

(14) That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

**Trustor and Beneficiary Mutually Agree:**

(A) By Beneficiary's acceptance of this Deed of Trust, Beneficiary covenants and agrees that provided Trustor is not delinquent or in default under the terms of the Note secured hereby, Beneficiary shall pay all installments of principal and interest which shall hereafter become due pursuant to the provisions of the Underlying Note(s) as and when the same become due and payable. In the event Trustor shall be delinquent or in default under the terms of the Note secured hereby, Beneficiary shall not be obligated to make any payments required by the terms of the Underlying Note(s) until such delinquency or default is cured. In the event Beneficiary fails to timely pay any installment of principal or interest on the Underlying Note(s) at the time when Trustor is nor delinquent or in default under the terms of the Note secured hereby, Trustor may, at Trustor's option make such payments directly to the holder of such Underlying Note(s) , in which event Trustor shall be entitled to a credit against the next installments) of principal and interest due under the terms of the Note secured hereby equal to the amount so paid and including, without limitation, any penalty, charges and expenses paid by Trustor to the holder of the Underlying Note(s) on account of Beneficiary's failing to make such payment. The obligation of Beneficiary hereunder shall terminate upon the earliest of (i) foreclosure of the lien of this All-Inclusive Purchase Money Deed of Trust, or (ii) cancellation of the Note secured hereby and reconveyance of this All-Inclusive Purchase Money Deed of Trust.

Should Trustor be delinquent or in default under the terms of the Note secured hereby and if Beneficiary consequently incurs any penalties, charges, or other expenses on account of the Underlying Note(s) during the period of such delinquency or default, the amount of such penalties, charges and expenses shall be immediately added to the principal amount of the Note secured hereby and shall be immediately payable by Trustor to Beneficiary.

If at any time the unpaid balance of the Note secured hereby, accrued interest thereon , and all other sums due pursuant to the terms thereof and all sums advanced by Beneficiary pursuant to the terms of this Deed of Trust, is equal to or less than the unpaid principal balance of the Underlying Note(s) and accrued interest thereon, the Note secured hereby, at the option of Beneficiary, shall be canceled and said property shall be reconveyed from the lien of this Deed of Trust.

(B) Trustor and Beneficiary agree that in the event the proceeds of any condemnation award or settlement in lieu thereof, or the proceeds of any casualty insurance covering destructible improvements located upon said property, are applied by the holder of the Underlying Note(s) in reduction of the unpaid principal amount thereof, the unpaid balance of the Note secured hereby shall be reduced by an equivalent amount which shall be deemed applied to the last sums due under the Note.

(C) At such times as the Note secured hereby becomes all due and payable, the amount of principal and interest than payable to Beneficiary thereunder shall be reduced by the then unpaid balance of principal and interest due on the Underlying Note(s).

(D) Any demand hereunder delivered by Beneficiary to Trustee for the foreclosure of the lien of this Deed of Trust may be not more than the sum of the following amounts:

(i) The difference between the then unpaid balance of principal and interest on the Note secured hereby and the then unpaid balance of principal and interest on the Underlying Note(s); plus

(ii) the aggregate of all amounts theretofore paid by Beneficiary pursuant to the terms of this Deed of Trust prior to the date of such foreclosure sale, for taxes and assessments, insurance premiums, delinquency charges, foreclosure costs, and any other sums advanced by Beneficiary pursuant to the terms of this Deed of Trust, to the extent the same were not previously repaid by Trustor to Beneficiary; plus

(iii) The costs of foreclosure hereunder; plus attorneys fees and costs incurred by Beneficiary in enforcing this Deed of Trust or the Note secured hereby as permitted by law.

(E) Notwithstanding any provision to the contrary herein contained, in the event of a Trustee's sale in furtherance of the foreclosure of this Deed of Trust, the balance then due on the Note secured hereby, for the purpose of Beneficiary's demand, shall be reduced, as aforesaid, by the unpaid balance, if any, of principal and interest then due on the Underlying Note(s), satisfactory evidence of which unpaid balances must be submitted to Trustee prior to such sale. The Trustee may rely on any statements received from Beneficiary in this regard and such statements shall be deemed binding and conclusive as between Beneficiary and Trustor, on the one hand, and the Trustee, on the other hand, to the extent of such reliance.

**Notices:**

The Undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him as follows:

Apex Commercial Holdings LLC, 1343 San Mateo Avenue, South San Francisco, CA 94080.

Address for Notices to Trustee: Lana Vayn, 2885 Churchill Drive, Hillsborough, CA 94010.

Address for Notices to Beneficiary: Marc Vayn, 2885 Churchill Drive, Hillsborough, CA 94010.

IN WITNESS WHEREOF, Trustor has executed this Deed of Trust.

Signatures of Trustor

____________________________ Date: February 17, 2016

Apex Commercial Holdings LLC: Marc Vayn, member

____________________________ Date: February 17, 2016

Apex Commercial Holdings LLC: James S. Munn, member

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of SAN MATEO
On 17TH FEB 2016 before me, PERVEZ DINSHAW ZACK Notary Public personally appeared MARC VAYN, who proved to me on the basis of satisfactory evidence to be the person~~(s)~~ whose name~~(s)~~ is/~~are~~ subscribed to the within instrument and acknowledged to me that he/~~she/they~~ executed the same in his/~~her/their~~ authorized capacity~~(ies)~~, and that by his/~~her/their~~ signature(s) on the instrument the person~~(s)~~, ~~or the entity upon behalf~~ of which ~~the person(s)~~ acted, executed the instrument.

**I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.**

WITNESS my hand and official seal.

Signature ____________________ (Seal)

PERVEZ DINSHAW ZACK
Commission # 2089420

PERVEZ DINSHAW ZACK

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT** **CIVIL CODE § 1189**

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California )
County of San Mateo )

On Feb. 17, 2016 before me, **Sossi Salih, Notary Public**,
Date — Here Insert Name and Title of the Officer

personally appeared James S. Munn
~~Name(s) of Signer(s)~~

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/~~are~~ subscribed to the within instrument and acknowledged to me that he/~~she~~/~~they~~ executed the same in his/~~her~~/~~their~~ authorized capacity(ies), and that by his/~~her~~/~~their~~ signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

SOSSI SALIH
Commission # 2035994
Notary Public - California
San Mateo County
My Comm. Expires Sep 3, 2017

Signature [signature]
Signature of Notary Public

*Place Notary Seal Above*

***OPTIONAL***

*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**

Title or Type of Document: Deed to Trust Document Date: 2-17-16

Number of Pages: — Signer(s) Other Than Named Above: NA

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: ____
☐ Corporate Officer — Title(s): ____
☐ Partner — ☐ Limited ☐ General
☐ Individual ☐ Attorney in Fact
☐ Trustee ☐ Guardian or Conservator
☐ Other: ____
Signer Is Representing: ____

Signer's Name: ____
☐ Corporate Officer — Title(s): ____
☐ Partner — ☐ Limited ☐ General
☐ Individual ☐ Attorney in Fact
☐ Trustee ☐ Guardian or Conservator
☐ Other: ____
Signer Is Representing: ____

©2014 National Notary Association · www.NationalNotary.org · 1-800-US NOTARY (1-800-876-6827) Item #5907

Become a free member | Log In

Connecting Commercial Real Estate™

Add a Listing Find a Broker Products My LoopNet

# San Mateo, CA Market Trends

California San Mateo

**Sales Trends** UPDATE

- [x] Asking Prices
- [x] Sale Prices
- [ ] Total $ Available For Sale (Supply)
- [x] No. of Listings (Supply)
- [ ] Profile Views (Demand)
- [ ] No. of Units (Supply)
- [ ] Total SF Available (Supply)
- [ ] Days on Market

**Lease Trends** UPDATE

- [ ] Asking Rents
- [ ] No. of Spaces (Supply)
- [ ] Profile Views (Demand)
- [ ] Total SF Available (Supply)
- [ ] Days on Market

**Property Type** UPDATE

- [ ] Multifamily
- [ ] Office
- [x] Industrial
- [ ] Retail

Looking for more information on sold properties? Get the critical details you need on recent commercial property transactions days after the close of sale.

Find Sales Comps

## Industrial Property Asking Price Index - Sale Trends

Embed

| | Jan 16 | vs. 3 mo. prior | Y-O-Y |
|---|---|---|---|
| **State** | $133.54 | +3.0% | +10.4% |
| **Metro** | $196.81 | +8.9% | +21.8% |
| **County** | $309.86 | +10.8% | +14.4% |

## Industrial Property Sale Prices - Sale Trends

Embed

| | Jan 16 | vs. 3 mo. prior | Y-O-Y |
|---|---|---|---|
| **State** | $145.67 | +0.5% | +7.9% |
| **Metro** | $159.47 | +3.0% | +14.3% |

## Industrial Property No. of Listings - Sale Trends

Embed



Index of Total No. Of Listings Industrial for Sale San Francisco-Oakland-Fremont
CA (May 08=100)
50
45
40
35
30
25
20
15
2014
2015
2016
Metro
LoopNet

| | Jan 16 | vs. 3 mo. prior | Y-O-Y |
|---|---|---|---|
| Metro | 18 | -15.0% | -24.1% |

**Contact Us** | Help | Add Listings | About Us | Products | Advertise | Blog | Terms Of Use | Privacy Policy | © 2016 LoopNet, Inc.

Partners: BizBuySell | LandAndFarm | BizQuest