UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARSON INDUSTRIES, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AMERICAN TECHNOLOGY NETWORK, CORP.,<br><br>　　　　　Defendant. | Case No. 14-cv-01769 NC<br><br>**ORDER RE: DEFENDANT'S FAILURE TO SHOW CAUSE THAT ITS APPEAL BOND IS SUFFICIENT**<br><br>Re: Dkt. No. 171 |

**I.    BACKGROUND**

In this contract dispute, the Court has entered final judgment in plaintiff Carson's favor for $601,153.74. Dkt. No. 153. ATN has filed a notice of appeal. Dkt. No. 176. Prior to filing its notice of appeal, ATN filed an "undertaking" as bond for its appeal. Dkt. No. 154. Carson moved under Civil Local Rule 65.1(d) for a Court order requiring a further or different security or for justification of ATN's personal sureties. Dkt. No. 157.

The Court ordered ATN to show cause why its proffered bond was sufficient. Dkt. No. 171. ATN filed a response arguing that its bond provides adequate collateral while it pursues its appeal. Dkt. Nos. 172, 174. Carson responded to ATN's filing, arguing that ATN failed to show that its proffered bond is sufficient because the notes ATN offers are not enforceable by Carson. Dkt. No. 179. Upon reviewing the filings and ATN's declarations, the Court finds that ATN's bond does not provide Carson with the assurances Rule 65 requires.

Case No. 14-cv-01769 NC

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 62(d) a defendant may post a supersedeas bond to secure an automatic stay of enforcement during the disposition of any appeal. Fed. R. Civ. P. 62(d). Rule 62(d) provides that "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond. . . . The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond." Fed. R. Civ. P. 62(d). "District courts have inherent discretionary authority in setting supersedeas bonds. . . . The purpose of a supersedeas bond is to secure the appellees from a loss resulting from the stay of execution and a full supersedeas bond should therefore be required." *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 (9th Cir. 1987). In determining the amount necessary to warrant a stay of execution, a court in this circuit has noted, "[a]lthough practices vary among judges, a bond of 1.25 to 1.5 times the judgment is typically required." *Cotton ex rel. McClure v. City of Eureka*, 860 F. Supp. 2d 999, 1029 (N.D. Cal. 2012).

## III. ANALYSIS

### A. ATN's Objection to Carson's Exhibit 1

ATN objects that Exhibit 1 of the DeGroot declaration, a Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing from the San Mateo County Recorder's Office, has not been authenticated and should therefore be stricken. Dkt. No. 181.

To satisfy Federal Rule of Evidence 901(a)'s requirement that a document submitted as evidence be authenticated, "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." This requirement is met by evidence that the document is recorded or filed in a public office as authorized by law. Fed. R. Evid. 901(b)(7)(A). The publicly recorded document at issue has been stamped by the County of San Mateo as being recorded in the County Clerk's office, and therefore the document is properly authenticated. Dkt. No. 185-1 at 4. The Court will accordingly consider this publicly recorded document.

Case No. 14-cv-01769 NC    2

### B. ATN's Response to The Court's Order to Show Cause

In response to the Court's order to show cause proving that its proffered bond was sufficient, ATN filed a declaration by James Munn. The declaration contains attachments that included a copy of a Certificate of Good Standing for Apex Commercial Holdings, LLC, issued on April 19, 2016, a copy of the minutes of a meeting of Apex Commercial Holdings, LLC, on April 20, 2016, a copy of the operating agreement of Apex, minutes that ATN asserts "clarify the ownership structure of Apex Commercial Holdings LLC and authority of its members to jointly or individually bind Apex" to agreements such as the promissory notes ATN is offering up as bond, and a copy of the proposed Promissory Note and Deed of Trust in favor of the Clerk of Court.[1]  *See* Dkt. No. 172.

ATN filed a supplemental declaration by Munn "offering that the personal sureties on the undertaking filed herein on February 24, 2016, Marc Vayn and James Munn, assign the promissory notes and deeds of trust executed by Apex Commercial Holdings LLC on February 17, 2016, to the Clerk of this Court, as an alternative to the issuance by Apex Commercial Holdings LLC of a Promissory Note and Deed of Trust in favor of the Clerk of this Court," as proposed in Munn's first declaration. Dkt. No. 174 at 2. ATN attached a proposed form Assignment of Deed of Trust. *Id*. at 5.

However, these submissions do not cure the problems with ATN's offer of promissory notes as security for the bond. Carson brings two substantive objections to the promissory notes: that they violate a covenant to a mortgage holder to keep the underlying property encumbrance-free and that they are an event of default.

Carson first observes that the "issuance of promissory notes to Munn and Vayn by [Apex] is an event of default under [Apex]'s deed of trust with its first mortgage holder, Bank of America." Dkt. No. 179 at 3. Therefore, "instead of offering Carson security, the notes would be wiped out at any time by a foreclosure." *Id*. Carson attaches a copy of Apex's first deed of trust on the property and argues that because there has been no written

---

[1] Carson objects to assigning the notes to the Clerk of Court instead of to Carson because Carson is the beneficiary and the one who would seeks to enforce the notes. Dkt. No. 179 at 4.

Case No. 14-cv-01769 NC   3

consent from Bank of America, placing an encumbrance on the property is an event of default under the mortgage. *Id*. Additionally, Carson asserts that the promissory notes are "Accelerating Transfers" under the Bank of America deed of trust and constitute encumbrances that violate the deed of trust. *Id*.

Because the promissory notes to Munn and Vayn that ATN proposes to assign to the Clerk of Court as security violate the deed of trust with Bank of America, "the senior encumbrance on the property is already in default simply by [Apex]'s issuance of the notes to Vayn and Munn . . . [t]hus, Bank of America could foreclose at any time and wipe out the notes that are offered as security." *Id*.

Moreover, the mortgage with Bank of America is a senior encumbrance, so if Carson ever sought to foreclose on the property, it would be in line behind the Bank of America obligation, which Carson asserts adds to the vulnerability of the notes as security. *Id*.

Other problems Carson raises with the notes is that they do not have waivers of notice, presentment, dishonor, demand, protest and other procedures under the California Commercial Code, making them very difficult to enforce, and that because Vayn and Munn are offering the promissory notes, not Apex itself, Carson would be required to sue Apex separately to enforce the notes. *Id*.

There are also a host of technical problems with the proffered notes. In the deed of trust proposed in Munn's declaration, the obligation in the "for the purpose of securing" section ($1,100,000) is different from the obligation in the "underlying obligation" section ($1,202,307.48), creating confusion as to what is secured. Dkt. No. 172, Ex. 4 at 3. The corporate resolution attached to Munn's declaration has errors such as referring to directors, not members, and stating that the agreement to act as a surety replaces the existing obligations to the members under the notes. *Id*. at Ex. 2. Carson argues that if Munn and Vayn "are assigning the notes, that is incorrect, because the proposed assignee would be succeeding to the obligations that are currently to the members, Munn and Vayn." Dkt. No. 179 at 5. The Certificate of Good Standing for Apex attached to Munn's

1  declaration is dated April 19, 2016, but Carson claims that there is no evidence that Apex
2  was in good standing when it issued the promissory notes to Munn and Vayn in February
3  2016. Dkt. No. 179 at 5. There is also the issue of Marc Morgovsky's apparent name
4  change to Marc Vayn, as both names have been used on documents for Apex but ATN has
5  not produced proof of an official name change. Dkt. No. 172 at 7.
6  These technical and substantive problems were not resolved by ATN's response to
7  the Court's order to show cause. Accordingly, the Court finds ATN's proffered surety of
8  promissory notes from James Munn and Marc Vayn insufficient to act as a supersedeas
9  bond while ATN pursues an appeal in the Ninth Circuit because it does not "secure
10 [Carson] from a loss resulting from the stay of execution." *Rachel*, 831 F.2d at 1505.

## IV. CONCLUSION

The Court finds that ATN has failed to show cause why its proffered appellate bond should be accepted by the Court as sufficient collateral while it pursues an appeal. Accordingly, the Court does not approve the bond as a supersedeas bond.

**IT IS SO ORDERED.**

Dated: May 23, 2016

_____
NATHANAEL M. COUSINS
United States Magistrate Judge