1
2
3
4
5
6
7               UNITED STATES DISTRICT COURT
8            NORTHERN DISTRICT OF CALIFORNIA
9
10   CARSON INDUSTRIES, INC.,
11              Plaintiff,                    Case No. 14-cv-01769 NC

12        v.                                  **ORDER DENYING DEFENDANT'S
                                              MOTION TO SET ASIDE
13   AMERICAN TECHNOLOGY                      JUDGMENT**
     NETWORK, CORP.,
14                                            Re: Dkt. No. 175
              Defendant.
15

16        In this contract dispute, the Court has entered final judgment in plaintiff Carson's

17   favor for $601,153.74.  Dkt. No. 153.  Defendant American Technology Network (ATN)

18   now seeks "relief from, to vacate, or otherwise open" the judgment against it under Federal

19   Rule of Civil Procedure 60(b)(3) on the grounds that the judgment was "procured by fraud,

20   misrepresentation, and other misconduct of the opposing party and its counsel."  Dkt. No.

21   175 at 2.  Because ATN has not established a basis to vacate the judgment under Rule

22   60(b)(3), its motion is DENIED.

23   **I.    HISTORY**

24        This case is about the sale of night vision goggle kits from Carson to ATN.  Carson

25   shipped 880 goggle kits to ATN in December 2010 and the kits arrived on December 17,

26   2010.  The price of the kits was $599.45 per unit.  ATN paid $50,000 for the goggle kits.

27   ATN returned parts of some of the goggle kits to Carson, asserting that the goggles were

28   defective.  Carson credited $75,778.98 to ATN for returned parts and sued for the balance

     Case No. 14-cv-01769 NC

of the contract.

The Court granted partial summary judgment to Carson on its sale to ATN of 463 goggle kits and 10 lenses in the total amount of $280,795.35, "because ATN did not give Carson notice of breach." Dkt. No. 81, 9/25/2015 order. Subsequently, the Court granted summary judgment in favor of Carson on ATN's counterclaim asserting that ATN paid for but did not receive 90 goggle kits in September 2010. Dkt. No. 103, 10/6/2015 order.

In a third and final summary judgment order on December 24, 2015, the Court concluded that ATN had not presented facts establishing a material dispute in regards to Carson's claim for the remainder of the contract, or for ATN's stated counterclaims that it was entitled to repair costs for 920 goggle and $50,000 that ATN paid to Carson in February 2012. Dkt. No. 142 at 9. The Court entered judgment in Carson's favor for $401,036.52. Dkt. No. 143.

Thereafter, the Court granted Carson's motion to amend the judgment to include prejudgment interest. Dkt. No. 152. On February 9, 2016, the Court entered an amended judgment in Carson's favor for $601,153.74. Dkt. No. 153.

ATN moved for reconsideration of the amended judgment, claiming that ATN's due process rights were violated. Dkt. No. 155. ATN argued that the Court's orders were void because (1) they gave Carson relief that Carson never requested and (2) they were issued with insufficient notice to ATN. *Id*. at 6. The Court denied ATN's motion for reconsideration because ATN did not identify fraud or misconduct by opposing counsel or present any "newly discovered evidence." Dkt. No. 159.

ATN now moves again to vacate the judgment against it, alleging that the judgment was "procured by fraud, misrepresentation, and other misconduct of the opposing party and its counsel." Dkt. No. 175 at 2. Carson has responded, stating that it has not engaged in fraud or misconduct and that ATN's motion should be denied. Dkt. No. 183. The Court heard the motion on June 1, 2016.

## II.   LEGAL STANDARD

ATN moves for relief under Federal Rule of Civil Procedure 60(b)(3). Dkt. No.

175 at 2.  Rule 60(b) states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  "To prevail [on a Rule 60(b)(3) motion], the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense."  *De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000).

## III.  ANALYSIS

The first question presented is whether ATN has shown "by clear and convincing evidence" that Carson has perpetrated a fraud or engaged in misconduct to obtain a verdict.  ATN argues that Carson (1) withheld information called for in discovery, (2) produced fabricated documents in its discovery responses, and (3) misled the Court by misrepresenting the content and value of ATN's returns of goggle kits in Carson's motion for summary judgment.  Dkt. No. 175 at 3.  ATN asserts that these misrepresentations resulted in an incorrect determination of the value of ATN's returns in the Court's calculation of damages in the judgment awarded to Carson.  *Id.*

ATN attaches five exhibits to the James Munn declaration as proof of Carson's fraudulent misrepresentations.  Exhibit 1 is an email from Carson stating that Carson issued a note of credit of $75,778.98 to ATN for returned parts with an attached aging report reflecting ATN's outstanding balance and the credit applied to it.  Dkt. No. 175-1 at 13.  Exhibit 2 is a confidential mediation statement by Carson's attorneys from January

United States District Court
Northern District of California

1    2015.[1]  Dkt. No. 175-1 at 17.  Exhibit 3 is an email from Carson employee Mark Foster to

2    James Munn at ATN with an accounting of the returned kits and photo attachments of the

3    kits in boxes.  *Id*. at 22-29.  Exhibit 4 is an untitled document with Bates stamp C0163,

4    which is imprinted with the FedEx tracking number and shipping charges for ATN's return

5    of 41 units on or about February 10, 2012.  *Id*. at 31-32.  Finally, Exhibit 5 is a spreadsheet

6    with Bates stamp C0041, generated by Carson to reflect the goggle kit Bill of Materials.

7    *Id*. at 34.

8         ATN argues that Carson fabricated the document ATN attaches as Exhibit 4, which

9    Carson produced to ATN in discovery.  Dkt. No. 175-1 at 31.  Munn states in his

10   declaration that, "[a]s is evident from the discrepancies in the prices of the goggle

11   components in the Bill of Materials ('BOM') (Exh. 5) and Exhibit 4, it is clearly evident

12   that Carson fabricated the document represented by Exhibit 4 in order to back into the

13   value of returned components it arbitrarily selected to come up with the amount of 'credit'

14   of $75,778.98 and to mislead the Court into awarding it excessive damages."  Dkt. No.

15   175-1 at 11.  However, a comparison of Exhibits 4 and 5 does not show that Carson

16   perpetrated a fraud or that Exhibit 4 was a fabricated document.  ATN provides no

17   evidence that Carson has fabricated evidence or that the document it produced attached at

18   Exhibit 4 is a fake document.

19        ATN's other proposed evidence of alleged misconduct is that because two return

20   shipments from ATN to Carson "were made on Carson's account(s) with FedEx and/or

21   UPS as requested by Carson in writing, Carson's failure to disclose any statements

22   pertaining to its accounts with FedEx and UPS for the time frames corresponding to the

23   time frames in which ATN claims to have made those shipments, it is impossible for ATN

24   to furnish concrete proof that those shipments were, in fact, made."  *Id*. at 4.  ATN claims

25

26   ─────────────────

27   [1] Federal Rule of Evidence 408 states that "conduct or a statement made during
     compromise negotiations about the claim . . . is not admissible—on behalf of any party—
     either to prove or disprove the validity or amount of a disputed claim."  ATN's attempt to
28   use this confidential mediation statement was improper and the Court will not consider it
     for purposes of the present motion.

United States District Court
Northern District of California

that it has produced evidence of the shipments in the form of a declaration by James Munn, an agent of ATN, as well as "evidence of the shipment of 41 units, including but not limited to the FedEx tracking number, made on January ???, 2012, which Carson has boldly denied while failing and refusing to produce documentary evidence to the contrary which can only be accessed through Carson's disclosure." *Id*. at n.1.

Neither ATN's motion nor the declaration of James Munn at docket 175-1 with its five exhibits proves "by clear and convincing evidence that the verdict was obtained through fraud [or] misrepresentation." *De Saracho*, 206 F.3d at 880.

The second question presented is whether ATN shows that it has been "prevented . . . from fully and fairly presenting [its] defense." *De Saracho*, 206 F.3d at 880. A district court in the central district of California denied a motion under Rule 60(b)(3) because the movant failed to show fraud and "[e]ven if plaintiff had presented any evidence of fraud, because he makes no allegations relating to the time period between February 5, 2014 and April 7, 2014, plaintiff could not show that any of defendants' conduct unfairly prevented him from amending his complaint." *Dupree v. Mortgage Elec. Registration Sys. Inc.*, 2014 WL 4756210, at *3 (C.D. Cal. Sept. 24, 2014). Here, ATN must present evidence of fraud that came to light after it presented its defense to Carson's motion for summary judgment and thereby unfairly prevented it from presenting its case.

The five exhibits ATN now puts forward were in ATN's possession when Carson moved for summary judgment. Three of the exhibits are documents ATN received from Carson in discovery, one is a document of ATN's, and one is Carson's mediation statement. *See* Dkt. No. 175-1 at 13-34. Therefore, ATN does not present any evidence that it did not have when it opposed Carson's motion for summary judgment. The Munn declaration argues that Carson failed to provide a statement of damages with a breakdown of a $75,778.98 credit, constituting a violation of Federal Rule of Civil Procedure 26(a)(1)(A)(iii). Dkt. No. 175-1 at 5. Munn also states that Carson "failed to produce any shipping records pertaining to the return of the 36 units and 41 units shipped to Carson to collect and billed to its account with the carrier(s) specified by Carson." *Id*. However,

Case No. <u>14-cv-01769 NC</u>                    5

these arguments have been made before the Court in opposition to summary judgment, in repeated references to motions for sanctions, and in ATN's pretrial statement. *See* Dkt. Nos. 76, 79, 89.  The Court, in responding to these allegations of misconduct throughout the litigation, ordered ATN to identify the evidence that support its proposition that it returned 419 and not 327 goggle units to Carson.  Dkt. No. 142 at 3.  ATN failed to do so. As in *Dupree*, ATN does not present evidence that was not available to it during litigation before the entry of judgment.

Likewise, Carson argues in opposition that ATN "took not a single deposition of Carson during the course of discovery . . . ATN could have pursued the discovery it now claims it should have had." Dkt. No. 183 at 4.  The Court agrees with Carson.  ATN's present motion restates its arguments in the case, which was fully and fairly litigated. Because ATN has not provided evidence to show that Carson deprived it of its ability to present its defense to the Court, it has failed to satisfy the second requirement of Rule 60(b)(3).

ATN has not carried its burden of (1) proving fraud or misconduct by clear and convincing evidence and (2) showing that it was prevented from fully and fairly presenting its defense. *De Saracho*, 206 F.3d at 880.  Therefore, the motion is denied.

## IV.   CONCLUSION

Because ATN's motion to vacate the judgment under Rule 60(b)(3) fails to present proof of fraud or misconduct and does not present evidence that was not available to ATN when it opposed Carson's motion for summary judgment, it is DENIED.

**IT IS SO ORDERED.**

Dated:  June 10, 2016

_____
NATHANAEL M. COUSINS
United States Magistrate Judge