UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARSON INDUSTRIES, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>AMERICAN TECHNOLOGY NETWORK CORP.,<br><br>    Defendant. | Case No. 14-cv-01769 NC<br><br>**ORDER TO SHOW CAUSE WHY DEFENDANT ATN SHOULD NOT BE REQUIRED TO FURNISH FURTHER OR DIFFERENT SECURITY**<br><br>Re: Dkt. No. 199 |

    This Court entered amended judgment in plaintiff Carson's favor against defendant ATN in the amount of $601,153.74, and denied ATN's motion to set aside the judgment. Dkt. Nos. 153, 198.  Under Federal Rule of Civil Procedure 62(a), the judgment became final and enforceable fourteen days after it was entered.  ATN appealed the judgment and the appeal is pending before the Ninth Circuit Court of Appeals.

    On June 8, 2016, ATN filed an "Amended Undertaking" seeking to stay enforcement of the judgment while the case is on appeal.  Dkt. No. 193.

    By motion filed August 17, 2016, Carson challenged the Amended Undertaking. Dkt. No. 199.  Carson requested an order to show cause why defendant ATN should not be required to furnish further or different security, or to require the justification of personal sureties under Federal Rule of Civil Procedure 65.1 and Civil Local Rule 65.1(d).  Dkt. No. 199.  ATN opposed the motion.  Dkt. No. 200.

    The sufficiency of ATN's Amended Undertaking turns on application of Federal Rule of Civil Procedure 62(f).  That section provides that "If a judgment is a lien on the

Case No. 14-cv-01769 NC

judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give." Relying on this provision, ATN asserts that it is entitled to the same stay of execution that a California court would give because it was served with a notice of judgment lien by Carson. Exh. R to Declaration of Marc Vayn, in support of Amended Undertaking, Dkt. No. 196.

This Court previously explained why Rule 62(f) does not apply here. Order, Dkt. No. 171 at 4:16-22. "California district courts have uniformly concluded that a federal judgment rendered in California does not trigger the provisions of Rule 62(f)." *Cotton ex rel. McClure v. City of Eureka*, 860 F. Supp. 2d 999, 1026 (N.D. Cal. 2012). Furthermore, "Under California law, a judgment is not a lien unless and until such time as the creditor records the judgment in the county where the debtor's property is located." *Id.* at 1025. Carson's notice of judgment lien does not convert the judgment into a lien under California law for purposes of Rule 62.

Because ATN's opposition relies on application of Rule 62(f), its remaining arguments in favor of its Amended Undertaking fail.

The Court therefore GRANTS Carson's motion and ORDERS ATN to show cause in writing by December 21, 2016, why it should not be required to furnish further or different security than its Amended Undertaking. Before ATN files any response to this order, the parties are ORDERED to meet and confer in an attempt to resolve the question of security on appeal.

If disputes remain, the Court will hold a telephone hearing on January 6, 2017, at 2:30 p.m., or at another mutually available time coordinated by my courtroom deputy.

**IT IS SO ORDERED.**

Dated: December 5, 2016

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

Case No. 14-cv-01769 NC                    2